UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| D. DOUGLAS HOWARD, JR. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | CASE NO. 09-3450 |
| | * | |
| LESLEY SIMMONS ST. GERMAIN, | * | SECTION "J" |
| HILLARY ROSE SMITH, | * | |
| MELISSA BRANIGHAN, | * | MAGISTRATE (1) |
| MARK EDW. ANDREWS, | * | |
| ANDREWS ARTS & SCIENCES LAW, LLC, | * | |
| and DAVID E. SIMMONS, DDS | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

NOW INTO COURT, comes Plaintiff, D. Douglas Howard, Jr., and his counsel of record, Shawn C. Reed, Joanne Rinardo and Nancy Marshall, who respectfully submit this Memorandum in Opposition to Defendants' Motion for Rule 11 Sanctions. For the reasons described herein, defendants' motion should be denied.

**I.   Rule 11 Does Not Apply to Filings Made in State Court**

Defendants' motion for sanctions should be denied because they are not requesting sanctions for any filings plaintiff has made in federal court, but solely for state court filings. *See Gulf South*

*Medical and Surgical Institute v. Aetna Life Ins. Co.,* 05-30633 (5th Cir. 2006), 2006 U.S. App. *LEXIS* 4130 and *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 245 (5th Cir. 1998). In *Gulf South*, the plaintiffs filed a state law suit against the defendants in 1993. The case was removed to federal court, where it was dismissed by summary judgment. In 2004, the plaintiffs filed another suit against the same defendants in Louisiana state court. The second suit alleged a different legal theory of recovery than the original suit, but was based upon the same set of operative facts. Again, the defendants removed the case to federal court, and the case was dismissed under Rule 12(b)(6). With the dismissal of their claims, the district court imposed Rule 11 sanctions "'for filing claims which have already been resolved.'" *Gulf South* at *4.

**On appeal, the Fifth Circuit vacated the imposition of sanctions and held that "Rule 11 does not apply to filings made in state court."** *Id.* at *5 (citing *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 245 (5th Cir. 1998)((noting that 'there is no indication, in the text of the rule, that it applies to filings in any court other than a federal district court' and declining to uphold a sanctions award to the extent that it punished the filing of a state court petition.)) The *Gulf South* court added that "[t]o uphold sanctions under Rule 11, we must be able to point to some *federal* filing in which the sanctioned attorney violated that rule." *Id.* (quoting *Edwards,* 153 F.3d at 242). Because the district court had imposed Rule 11 sanctions for the state court filings, the Fifth Circuit held that the award for sanctions was an abuse of discretion and the district court's order was vacated.

In this case, defendants do not seek sanctions for any filing that plaintiff has made in federal court, as defendants' motion and memorandum refers solely to pleadings filed in state court. Therefore, as a matter of law, defendants' Motion for Rule 11 sanctions must be denied.

**II.     Allegation of Relationship Does Not Have to be Retracted**

On March 24, 2009, before this case had been removed to federal court, plaintiff filed a Motion to Disqualify Mark Edw. Andrews as Counsel of Record for All Defendants Except Himself and Andrews Arts and Sciences Law, L.L.C. With Incorporated Memorandum With Request for Expedited Hearing (hereinafter referred to as the "Motion to Disqualify") (R. Doc. 12-5.) In the motion, plaintiff alleges that Mr. Andrews and one of the other named defendants had a personal relationship at one point in time which creates a conflict of interest and prohibits Mr. Andrews from representing the named defendants. Defendants seek to have the allegation retracted simply because they do not like it; that is not the standard for striking an allegation in a pleading.

The Motion to Disqualify was filed in state court, a fact which the defendants admit in their memorandum. (R. Doc. 31-2.) Applying the Fifth Circuit's opinions in *Gulf South* and *Edwards*, plaintiff cannot be sanctioned under Rule 11 for any of the allegations contained in the Motion to Disqualify and the defendants' motion to retract the allegations must be denied as a matter of law.

**III.    Plaintiff Did Not Attempt to Deprive Defendants of Counsel; Plaintiff Filed a Motion**

Plaintiff's Motion to Disqualify is firmly grounded in Louisiana jurisprudence and it is a misrepresentation for the defendants to assert otherwise, as they have done in their Memorandum in Support of Motion for Rule 11 Sanctions. (R. Doc. 12-7, p. 1.)   Defendants cite *Indest v. Sherman,* 04-786 (La. App. 5 Cir. 1/25/2005), 894 So.2d 510, in support of their contention that plaintiff does not have standing to bring the Motion to Disqualify.  The defendants are wrong.  In addressinf Louisiana Rule of Professional Conduct 1.9, the *Indest* court **did not** create a blanket rule that a plaintiff does not have standing to file a motion for the disqualification of defense counsel. Instead, *Indest* merely stated that under the facts presented the plaintiffs in that case did not have

standing to bring their motion. *Indest* states:

> We note ex proprio motu[1] that plaintiffs have not asserted any facts which would indicate to this Court that they have standing to bring this action to disqualify defense counsel. **There is no indication that defense counsel has ever represented plaintiffs in any capacity whatsoever.**
>
> **The prohibition in the Rules of Professional Conduct, cited by plaintiff, does not extend to plaintiffs in these circumstances.** Therefore, we find that plaintiffs have failed to state a right or interest to bring a motion to disqualify defense counsel.

*Id.* at 512 [emphasis added].

In his Motion to Disqualify, plaintiff relies on Rules 1.7, Conflict of Interest: Current Clients, and 3.7, Lawyer as a Witness. Assuming, *in arguendo,* that defendants' reliance upon *Indest* is not misguided, which it is, *Indest* is still inapplicable to the instant matter because it involved Rule 1.9, Duties to Former Clients – a completely different rule than those cited by plaintiff in the Motion to Disqualify. Further, the *Indest* opinion stresses that the court's decision applied to the plaintiff "in [those] circumstances." *Id.* The court did not, as a matter of law, state that plaintiffs do not have the right to file a motion to disqualify defense counsel as the defendants argue here.

In this case, plaintiff's Motion to Disqualify relies upon Louisiana Rules of Professional Conduct 1.7(a) and 3.7 which are legal bases for filing a motion to disqualify. For example, in *Poe v. Usry & Weeks*, 94-2460 (La. 10/07/94), 642 So.2d 859, the Louisiana Supreme Court disqualified an attorney from representing his client based upon Rule 3.7, stating "Attorney Caskey appears to be inextricably involved in the facts of this case and '. . . is likely to be a necessary witness . . .' . . . Therefore, he must be disqualified as an advocate in this case." *Id.*

---

[1] The English translation of "*ex proprio motu"* is "on their own accord."

Similarly, in this case, plaintiff alleges that counsel for the defendants is so personally connected, invested, and involved in this litigation that he is a necessary witness as a named defendant, as well as a necessary witness for his co-defendants. "Therefore, if Defendant Andrews simultaneously represents himself, his law firm, and the other named Defendants, a concurrent conflict of interest exists that prohibits Andrews from representing the remaining Defendants." See Motion to Disqualify, Page 5 of 9. As such, said Motion to Disqualify is based upon sound legal reasoning as is described in Poe.

One critical reason for filing the Motion to Disqualify was to prevent the defendants from using "ineffective assistance of counsel" as an argument on appeal. Standing alone, that is a legitimate reason for seeking to disqualify opposing counsel. Additionally, as officers of the court, it is an attorneys' duty to inform the trial court of any matters which may prevent any party from receiving a fair trial. Clearly, at some point in this litigation, the other named defendants may want to take the position that Mr. Andrews, as their attorney, advised them to take the actions complained of in the Petition for Damages. If these are the potential facts, the other named defendants have an absolute right to legal advice from independent counsel so they can determine whether they should file a reconventional demand against Mr. Andrews. It is much more efficient to address these pressing matters early in the litigation rather than waiting until trial when Mr. Andrews is called as a witness or named as a defendant in reconvention.

IV. **Plaintiff Did Not Violate Defendants' Right to Be Heard; Plaintiff Filed a Motion to Continue, Which Was Granted by the Court**

In their memorandum, defendants admit that the Motion to Continue that allegedly "violated their right to be heard" was filed in state court. Therefore, as is articulated by the Fifth Circuit Court

of Appeals in *Gulf South* and *Edwards*, Rule 11 sanctions can not be imposed based upon that filing. However, even if Rule 11 did apply to that Motion to Continue, sanctions would not be warranted because Shawn C. Reed, Esq., and D. Douglas Howard, Jr., Esq., did not partake in any improper conduct, whatsoever. Plaintiff merely filed a Motion to Continue which was opposed by Defendant, and the trial court granted the motion.

### A. Howard & Reed is not a partnership

In their memorandum, defendants imply that there is some sort of irregularity in the law firm of Howard & Reed. However, Howard & Reed is not a partnership. The letterhead clearly states that Howard & Reed is not a partnership. The attorneys, Howard and Reed, have never held the firm out as a partnership.

Furthermore, Ms. Reed has never made any income from Mr. Howard's practice in domestic litigation, and has no involvement whatsoever in Mr. Howard's domestic. Specifically, Ms. Reed was not involved in any of the prior litigation in which Howard represented Defendants, Ms. Germain, Ms. Hillyer and Ms. Luminais. Not only was Ms. Reed never enrolled as counsel of record in the prior state court litigation, she never attended any hearings, meetings, billed any hours, received any monies, nor made an appearance either formally or informally. In fact, Ms. Reed has never met Mr. Andrews, and avers that the first and only time she ever spoke with Mr. Andrews was to ask whether he opposed the continuance made the basis of the motion to continue.

### B. Shawn C. Reed, Esq., Did Not Enroll in this Case for the Purpose of Delay

Ms. Reed, enrolled as co-counsel of record in this case in order to represent Mr. Howard in this matter, rather than him appearing unrepresented in Civil District Court on his own behalf. Ms. Reed did not enroll as co-counsel in this case "as a subterfuge" to delay the hearing on defendants'

motion to strike, as the defendants allege here. Ms. Reed initiated her representation on March 18, 2009, the date that Mr. Andrews admits he hand delivered a copy of the motion to strike to plaintiff's office. By Mr. Andrews' own admission, the motion he hand delivered and filed that same day DID NOT CONTAIN a hearing date. As such, when Shawn Reed agreed to accept the representation of D. Douglas Howard, Jr., the Court had not set the matter for hearing and Shawn Reed could not have known the date that would be subsequently assigned by the Court. There was no way to know that the date would conflict with Ms. Reed's long standing plans to be in Florida with her children during their Easter holiday from school. (A copy of Ms. Reed's reservations for that trip are attached hereto as Exhibit 1.) In fact, as evidenced by the attached receipt, Ms. Reed's travel plans were made in January, months before this case had been filed in Civil District Court. (See *Exhibit 1*).

As such, upon learning of the potential conflict, Ms. Reed personally spoke to Mr. Andrews prior to filing the motion to continue and explained that she had long standing plans to be out of town with her children at the same time the motion to strike was set for hearing. During that conversation, Mr. Andrews advised Ms. Reed that he objected to any continuance of the hearing, which Ms. Reed included in the motion to continue. Moreover, Ms. Reed specifically requested that the Court set a date within the time constraints suggested by law.

To claim that Ms. Reed enrolled in these proceedings for the sole purpose of delay is absurd and not supported by facts. Ms. Reed enrolled in this case to represent the interests of Mr. Howard, rather than him appearing personally. Having been associated with Mr. Howard for over twenty-five (25) years, upon learning of the potential volatile nature of the allegations, Ms. Reed took over the representation in an effort to distance any personal contact between the parties in this case. Ms. Reed is still enrolled as plaintiff's counsel in this case and she will be appearing before this Honorable

Court to conduct oral argument on June 24, 2009, as counsel for D. Douglas Howard, Jr. Moreover, Ms. Reed will continue to represent Mr. Howard in this case until its conclusion as his counsel of record.

Accordingly, plaintiff and Ms. Reed did not violate defendants' "right to be heard'" by "using subterfuge." Plaintiff and Ms. Reed filed a motion to continue and expressly requested that the motion be reset for hearing within the time "as required by law," which shows that Ms. Reed's intentions were not to delay or impede defendants' "right to be heard." (R. Doc. 12-7, p. 1.) The motion was granted by the court despite the defendants filing an opposition to the continuance. As such, any grievance over the continuance based on Ms. Reed's unavailability should have been addressed in state court before the judge who granted the continuance. If the defendants were dissatisfied with the outcome of that ruling, then the proper remedy was a request for rehearing or a writ application, neither of which was taken.

Moreover, defendants' arguments regarding any perceived undue delay are moot, since the removal of this case to federal court further served to delay the hearing on their own motion to strike. The state court had already re-set the motion for hearing at the time defendants filed their Notice of Removal. Therefore, defendants' own actions, rather than those of Ms. Reed, caused further delay of the hearing on defendants' motion to strike.

Enrolling as counsel of record does not provide grounds for the imposition of sanctions. If enrolling in a case did provide grounds for sanctions, then it is doubtful that lawyers would ever enroll in any cases where a hearing date is pending. Defendants propose that Rule 11 sanctions should be imposed on lawyers who enroll in cases and file a motion to continue. Defendants' argument is ludicrous and has no merit.

C.     **No misrepresentations were made to the court**

Ms. Reed did not misrepresent any facts to the state court as Mr. Andrews alleges in defendants' memorandum. (R. Doc. 31-2, p. 6.) To the contrary, Mr. Andrews intentionally misleads this Court by maligning the facts and asserting erroneous conclusions of law. Specifically, Mr. Andrews states verbatim in his memorandum:

> In moving to delay the 17 April 2009 hearing, Attorney Reed misrepresented to the state court that the Plaintiff was not served with the Special Motion to Strike until 30 March 2009. Plaintiff was in fact served with the Special Motion to Strike by hand on the day it was filed in court on 18 March 2009. **Service through the Sheriff is not required for such a motion**, and service by hand is completely sufficient. . . . Therefore the signed statement to the court that the motion was served on 30 March 2009 is deliberately misleading.

(R. Doc. 31-2, p. 5 - 6.) (Emphasis added)

Defendants' recitation of the facts and their conclusion of law are simply wrong. Louisiana Code of Civil Procedure Article 1313(c) provides that when a contradictory motion has been set for hearing, necessitating an appearance in open court, service through the sheriff or certified mail is *required*. A litigant's hand delivery of a contradictory motion to opposing counsel's office, prior to that motion being set for hearing, does not constitute valid service. Put differently, knowledge of a motion having been filed does not constitute formal service under La.C.C.P. Art. 1313 (c).

Moreover, defendants' hand delivery of the motion to strike did not include a date for the hearing, nor was the motion and its accompanying memorandum signed by Mr. Andrews. (See *Exhibit 2*). This is further evidenced in Mr. Andrews' Opposition to the Motion to Continue, in which he complains that the judge did not assign a hearing date at the time the motion was filed. (See *Exhibit 3*). Therefore, it would not have been possible for Mr. Andrews to hand-deliver (or serve formally through the Civil Sheriff) his Motion to Strike *with a hearing date* on the day it was filed.

Moreover, by his own admission, the copy of defendants' motion to strike did not include a hearing date. (See *Exhibit 3*.) Therefore, it would not have been possible for Mr. Andrews to hand-deliver (or serve formally through the Civil Sheriff) his Motion to Strike with a hearing date on March 18th, the day it was filed.

There was simply no way for Ms. Reed to know what the hearing date was at the time she agreed to represent Mr. Howard on the day the Motion to Strike was filed and hand delivered, without a hearing date *and not signed by Mr. Andrews*. However, *in arguendo*, even if Ms. Reed had the hearing date she still would have commenced her representation of Mr. Howard and she still would have filed the motion to continue complained of by the defendants. If the trial court had denied the motion, Ms. Reed would have been duty bound to return from her trip to appear in court. It was the trial court, not Ms. Reed, that chose the subsequent hearing date.

Plaintiff was formally served with a copy of the Order setting the motion to strike for hearing on March 30, 2009, by the Orleans Parish Civil Sheriff and a copy of the Sheriff's Return is attached hereto as *Exhibit 4*. That service return is absolute proof that Ms. Reed did not misrepresent anything to the court in the motion to continue when she attested that Plaintiff was served with Defendant's Motion to Strike on March 30, 2009.

Finally, Mr. Andrews arranged and paid for service of the Motion by the Civil Sheriff. Therefore, it would be completely disingenuous for Defendant Andrews to argue that he believed hand delivery of the motion was good service. The facts and chronology of events demonstrate that his assertions are made in bad faith. That is, if Mr. Andrews believed, in good faith, that hand delivery of a motion prior to it being set for hearing was sufficient to make plaintiff appear in open court, then Andrews would not have requested and paid for the motion to be served formally through the Civil Sheriff. Defendants' allegations of "delay via subterfuge" are spurious and incongruent

with their actions in Civil District Court and the actual sequence of events.

## V.     Neither Ms. Marshall nor Ms. Rinardo have engaged in sanctionable conduct

Defendants' counsel misleads this Court by referring to Joanne Rinardo and Nancy Marshall of Deutsch, Kerrigan & Stiles as counsel for CNA. Ms. Marshall and Ms. Rinardo are enrolled in this Court as counsel for D. Douglas Howard, Jr., limited to the defense of the defendants' counterclaims. In the Motion in Support of Plaintiff's Motion to Disqualify Mark Andrews as Counsel for Record for Plaintiffs-in-Reconvention, Ms. Rinardo and Ms. Marshall clearly identified themselves as counsel for Mr. Howard in the reconventional demand. Ignoring this fact, Mr. Andrews incorrectly identifies them as CNA's counsel in subsequent pleadings. In response, Ms. Marshall notified Mr. Andrews of this error by certified mail in May of 2009. (See letter dated May 29, 2009, attached as *Exhibit 5*). It was also brought to Mr. Andrews' attention that Ms. Marshall is not the agent for service of process for CNA and service upon her is not service upon CNA. (See Secretary of State Record for CNA attached as *Exhibit 6*). Nonetheless, Mr. Andrews repeats what he knows is incorrect information to this Court for some unknown reason.

Defendants assert that Mr. Rinardo and Ms. Marshall should be sanctioned for "their endorsement of this scandalous accusation" and for filing a Motion in Support of Plaintiff's Motion to Disqualify Mark Andrews as Counsel for Record for Plaintiffs-in-Reconvention. Notwithstanding the fact that this Court does not have jurisdiction to impose sanctions for pleadings filed in state court, there is no basis for seeking sanctions against Ms. Marshall or Ms. Rinardo. Despite Mr. Andrews' averments, nowhere in their motion is any reference made to what Mr. Andrews calls the "scandalous accusation." (See Motion in Support of Plaintiff's Motion to Disqualify Mark Andrews as Counsel for Record for Plaintiffs-in-Reconvention). Mr. Andrews' statement that Ms. Marshall and Ms. Rinardo should be sanctioned for endorsing the so-called scandalous accusation appears to

be another instance of Mr. Andrews misleading this Court by providing it with incorrect information.

Counsel for Mr. Howard in the reconventional demand filed a motion to disqualify Mr. Andrews on the legitimate grounds that his representation of Ms. St. Germain, Ms. Smith, Ms. Branighan and himself creates a conflict of interest.  Mr. Andrews, who represented the named plaintiffs-in-reconvention in an earlier and on-going suit, is a witness to the facts alleged in the reconventional demand.  Therefore, pursuant to Louisiana Rules fo Professional Conduct 1.7(a) and 3.7, Howard's counsel sought to have Mr. Andrews disqualified.  To file a motion for legitimate reason with a sound legal basis is not grounds for sanctions.  Defendants' request for the imposition of sanctions against Ms. Rinardo and Ms. Marshall have no merit and must be dismissed.

## VI.     Plaintiff's Claims Are Not Barred by Prescription or Peremption and *Res Judicata* Is Inapplicable

In the matter at bar, plaintiff's claims are not prescribed since defendants repeatedly demonstrated the acts which constitute this claim over an extended period of time and repeatedly communicated defamatory statements.  As such, when the injury was inflicted is a question of fact which should be deferred until the trial on the merits.  Additionally, plaintiff's Petition for Damages alleges facts and asserts damages which constitute intentional infliction of emotional distress which is a continuous tort and these claims have not prescribed.

Plaintiff's Petition for Damages chronicles a pattern of ongoing and repeated harassment which is considered a continuous tort under Louisiana law.  The Louisiana Supreme Court has held that "'a pattern of on-going, repeated harassment which gradually caused [plaintiff] serious emotional injury' sufficient to constitute intentional infliction of emotional distress is actionable as

a continuous tort, and that 'prescription does not run until such continuous conduct is abated.'"[2]

Furthermore, plaintiff's claims have not previously been litigated, and any argument that *res judicata* applies must fail. Notably, defendants cite no legal authority for their blanket statement that plaintiff's claims are barred by *res judicata*.

Additionally, as is stated above, the Petition for Damages that instituted this action and the First Supplemental Amending Petition Filed before Service of Answer was filed in state court, a fact that exempts those pleadings from the imposition of Rule 11 sanctions by this court. *See Gulf South* and *Edwards*, cited above.

**VII.  Plaintiff Has Alleged Malice on the Part of Andrews and, as a Matter of Law, Plaintiff Has a Cause of Action Against Him**

Louisiana Code of Civil Procedure Article 856 specifically provides that "malice, intent, knowledge, and other condition of mind of a person may be alleged generally." In his petition and in his first supplemental and amending petition, plaintiff names Mr. Andrews as a defendant in his personal capacity and specifically alleges that Mr. Andrews acted with actual malice at all times pertinent hereto.

Defendants incorrectly assume that plaintiff named Mr. Andrews as a defendant in this case for the purpose of disqualifying him as counsel of record for the remaining named defendants. For the record, Mr. Andrews is a named defendant in this case because plaintiff is seeking damages from him for his malicious, tortious conduct specifically targeted at maligning the reputation of Plaintiff, D. Douglas Howard, Jr., and for no other reason.

---

[2]*Singleton v. RPM Pizza, Inc.*, 2004 U.S. Dist. LEXIS 19613, No. 03-2219 (U.S.D.C., E.D. LA, 2004), *citing, Bustamento v. Tucker*, 607 So. 2d. 532, 538-39 (La. 1992).

**VIII.** **Plaintiff Sued David E. Simmons for Damages, Not for Harassment, Because He Conspired with Lesley Simmons St. Germain to Cause Injury to Plaintiff's Professional Reputation**

David E. Simmons paid the judgment entered by the First City Court for the City of New Orleans in favor of plaintiff and against Ms. St. Germain. A copy of Mr. Simmons' check to plaintiff is attached hereto as *Exhibit 7*. As such, Mr. Simmons is properly named as a defendant since he is alleged to be the financier of the tortuous conduct.

Further, it is plaintiff's position that defendant, Mr. Simmons, is acting in concert with the other defendants to perpetuate the continuing defamation and infliction of emotional distress directed toward plaintiff. Plaintiff's allegations are made in good faith based upon information and belief. Therefore, Mr. Simmons' liability in this matter is an issue which must be determined at a trial on the merits.

**IX.** **Conclusion**

For the reasons stated herein, all of the relief requested in defendants' Motion for Rule 11 Sanctions should be denied.

Respectfully submitted,

 [s/] Shawn C. Reed
SHAWN C. REED (#14304)
516 N. Columbia Street
Covington, Louisiana 70433
Telephone: (985) 893-3607
Facsimile: (985) 893-3478
**Attorney for Plaintiff,**
**D. Douglas Howard, Jr.**

— AND —

        [s/] D. Douglas Howard, Jr.
        D. DOUGLAS HOWARD, JR. (#7021)
        839 St. Charles Avenue, Suite 306
        New Orleans, Louisiana 70130
        Telephone: (504) 581-3610
        Facsimile: (504) 581-7509
        *PRO SE*

        — AND —

        [s/] Joanne Rinardo
        NANCY J. MARSHALL T.A. (#8955)
        JOANNE RINARDO (#24201)
        DEUTSCH, KERRIGAN & STILES, L.L.P.
        755 Magazine Street
        New Orleans, Louisiana  70130-3672
        Telephone:  (504) 581-5141
        Facsimile:   (504) 566-1201
        **Attorneys for Defendant-in-Reconvention,**
        **D. Douglas Howard, Jr.**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing motion has been served upon, **Mark E. Andrews, Esq., Andrews Arts & Sciences Law, LLC,** 7104 Coliseum Street, New Orleans, Louisiana  70118, by electronic means, by fax, by hand, and/or by placing same in the U.S. Mail, postage prepaid and properly addressed, this **16th** day of June, 2009.

        [s/] Shawn C. Reed

        **SHAWN C. REED**