# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **D. DOUGLAS HOWARD, JR.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **CASE NO. 09-3450** |
| | * | |
| **LESLEY SIMMONS ST. GERMAIN,** | * | **SECTION "J"** |
| **HILLARY ROSE SMITH,** | * | |
| **MELISSA BRANIGHAN,** | * | **MAGISTRATE (4)** |
| **MARK EDW. ANDREWS,** | * | |
| **ANDREWS ARTS & SCIENCES LAW, LLC,** | * | |
| **and DAVID E. SIMMONS, DDS** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COUNTER-DEFENDANT'S MEMORANDUM
## IN SUPPORT OF RULE 12(b)(6) MOTION

**MAY IT PLEASE THE COURT:**

Counter-defendant herein, D. Douglas Howard, Jr. ("Howard"), submits this reply to correct misstatements of fact and law contained in counter-plaintiffs' opposition to counter-defendant's motion to dismiss.  Counter-plaintiffs incorrectly assert that 28 U.S.C. § 1367(d) controls here and that their state claims are still pending.  They also incorrectly assert that St. Germain's fully

adjudicated claims are not barred by *res judicata* and that the Petition for Damages was abuse of process.[1]

## LEGAL ARGUMENT

I.     **28 U.S.C. §1367(d) DOES NOT TOLL PEREMPTIVE PERIODS**

Counter-plaintiffs argue that 28 U.S.C. 1367(d) tolled counter-plaintiffs' state law claims, that none of the state law claims are prescribed, and the original federal suit is still pending. Their arguments are misplaced. The time limitations on a suit of malpractice are peremptive, and the right to sue timely cannot be tolled. They cite no jurisprudence in which the tolling provisions of 28 U.S.C. 1367(d) were applied to peremptive statutes or statutes of repose; the statutory language in Section 1367(d) clearly refers to tolling statutes of limitation, not statutes of repose; and the tolling did not continue past the time when the claims were dismissed by the federal district court. Last, counter-plaintiffs ignore that the majority of their claims had prescribed prior to the filing of the original federal suit.

### A.     **Statutes of Prescription Differ from Statutes of Peremption**

Peremption is defined as "a period of time fixed by the law for the existence of a right." La. Civ. Code art. 3458. "Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." *Id*. "[The] rights to which peremptive periods attach are to be extinguished

---

[1]     Again, counter-plaintiffs incorrectly continue to assert that the undersigned represent the interests of CNA. The undersigned represent D. Douglas Howard, Jr., for the purpose of defending him against the reconventional demands filed by counter-plaintiffs.

after passage of a specific period." *Reeder v. North*, 97-0239 (La. 10.21.07), 701 So.2d 1291,1298 (internal citations omitted).

Peremption differs from prescription in that "prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation . . ." *Id.* (internal citations omitted). *See also,* La. Civ. Code art. 1762(1).  Accordingly, "[a]s an inchoate right, prescription . . . may be renounced, interrupted, or suspended; and *contra non valentem* applies as an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." *Reeder*, 701 So.2d at 1298 (internal citations omitted).  However, "nothing may interfere with the running of a peremptive period.  It may not be interrupted or suspended; nor is there provision for its renunciation." *Id.*  "[E]xceptions such as *contra non valentem* are not applicable." *Id.* (internal citations omitted).  Thus, under Louisiana law, in contrast to prescription, which is  a procedural bar that requires a party to commence an action within a specific period of time, peremption is substantive and expresses the lifespan of a right. *See also Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481 (5th Cir. 2001) (recognizing the substantive/procedural dichotomy between peremption and prescription.).

**B.     Statute of Repose Equivalent to Statute of Peremption**

A common law statute of repose is analogous to a civilian (*i.e.,* Louisiana) peremptive period. *See Marchesani*, 269 F.3d at 491 (stating that a Tennessee statute of repose would be labeled peremptive in Louisiana).  Although the theories are identical, different terms referring to filing limitations are used outside of Louisiana state courts.  Accordingly, a statute of repose, like a peremptive period, extinguishes a substantive right. *See Harris v. Black Clawson Co.*, 961 F.2d 547,

552 n.15 (5th Cir. 1992) (stating that a peremptive period and a statute of repose are equivalent because both destroy a cause of action). Moreover, a statute of repose and a peremptive period are similar in that they both are substantive and integral parts of an underlying right, as opposed to prescriptive or procedural. *Marchesani*, 269 F.3d at 491, (citing *Houston Indus., Inc. v. Fitch*, 752 So.2d 974, 976 (La. App. 2 Cir. 2000)). *See also First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 865-66 (4th Cir. 1989) ("A statute of limitation is a procedural device. . . . Conversely, a statute of repose is . . . an absolute time limit beyond which liability no longer exists"); *Goad v. Celotex Corp.*, 831 F.2d 508, 511 (4th Cir. 1987) ("[W]here a statute of repose has been enacted, the time for filing is engrafted onto a substantive remedy created by law. The distinction between statutes of limitation and statutes of repose corresponds to the distinction between procedural and substantive law."). Thus, statutes of repose are the equivalent of peremptive periods.

## C.  Section 1367(d) Does Not Toll Peremptive Period

Statute 28 U.S.C. 1367(d) states that "[t]he **period of limitations** for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." (Emphasis added).[2]

---

[2]      Counter-plaintiffs note that the "Supreme Court upheld the constitutionality of 28 U.S.C. §1367(d). In *Jinks v. Richland County, S.C.*, 538 U.S. 456, 123 S.Ct. 1667 (2003), the Supreme Court ruled that Section 1367(d)'s application to claims brought against a State's political subdivisions is constitutional. Whether tolling applied to limitations of repose was not at issue and

In cases involving statutory construction, a court begins with the plain language of the statute. See *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982) (explaining the basic principles of statutory construction before interpreting a provision of the Civil Rights Act of 1964). A court assumes that the legislative purpose of a statute is " 'expressed by the ordinary meaning of the words used.' " *Id.* at 68 (quoting *Richards v. U. S.*, 369 U.S. 1, 9, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962)). A court considers the language used in a statute as conclusive unless Congress has clearly expressed a contrary intent. *Id.* Notably, in the above paragraph, Section 1367(d) tolls only statutes of limitations, not statutes of repose. Peremption is defined as "a period of time fixed by the law for the existence of a right." La. Civ. Code art. 3458. "Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." *Id.* "[The] rights to which peremptive periods attach are to be extinguished after passage of a specific period." *Reeder*, 701 So.2d at 1298 (internal citations omitted).

Peremption differs from prescription in that "prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation . . ." *Id.* (internal citations omitted). *See also,* La. Civ. Code art. 1762(1). Accordingly, "[a]s an inchoate right, prescription . . . may be renounced, interrupted, or suspended; and *contra non valentem* applies as an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." *Reeder*, 701 So.2d at 1298 (internal citations omitted). However, "nothing may interfere with the running of a peremptive period. It may not be interrupted or

---

never discussed making *Jinks* irrelevant to the issues here.

suspended; nor is there provision for its renunciation." *Id.* "[E]xceptions such as *contra non valentem* are not applicable." *Id.* (internal citations omitted). Thus, under Louisiana law, in contrast to prescription, which is a procedural bar that requires a party to commence an action within a specific period of time, peremption is substantive and expresses the lifespan of a right. *See also Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481 (5th Cir. 2001) (recognizing the substantive/procedural dichotomy between peremption and prescription).

A common law statute of repose is analogous to a civilian (*i.e.,* Louisiana) peremptive period. *See Marchesani*, 269 F.3d at 491 (stating that a Tennessee statute of repose would be labeled peremptive in Louisiana). This is because a statute of repose, like a peremptive period, extinguishes a substantive right. *See Harris v. Black Clawson Co.*, 961 F.2d 547, 552 n.15 (5th Cir. 1992) (stating that a peremptive period and a statute of repose are equivalent because both destroy a cause of action). Moreover, a statute of repose and a peremptive period are similar in that they both are substantive and integral parts of an underlying right, as opposed to prescriptive or procedural. *Marchesani*, 269 F.3d at 491, (citing *Houston Indus., Inc. v. Fitch*, 752 So.2d 974, 976 (La. app. 2 Cir. 2000)). *See also First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 865-66 (4th Cir. 1989) ("A statute of limitation is a procedural device... . Conversely, a statute of repose is . . . an absolute time limit beyond which liability no longer exists"); *Goad v. Celotex Corp.*, 831 F.2d 508, 511 (4th Cir. 1987) ("[W]here a statute of repose has been enacted, the time for filing is engrafted onto a substantive remedy created by law. The distinction between statutes of limitation and statutes of repose corresponds to the distinction between procedural and substantive law."). Thus, statutes of repose are the equivalent of peremptive periods. This is because repose

6

and peremptive periods are substantive provisions that speak not in terms of the time to bring an action, but of the duration of a right. *Beach*, 523 U.S. at 417, 118 S.Ct. at 1412; La. Civ. Code art. 3458.

The Fifth Circuit has noted that a statute of repose (peremption) and a statute of limitation (prescription) are quite different. *Burlington Northern & Santa Fe Railway Co. v. Poole Chemical Co., Inc.*, 419 F.3d 355, 363 (5th Cir. 2005).   The Court explained that:

> A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time.   It cuts off the remedy .... A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. **It abolishes the cause of action after the passage of time** even though the cause of action may not have yet accrued.  (Emphasis added.)

*Id. citing Servicios-Expoarma, C.A. v. Indus. Maritime Carriers, Inc.*, 135 F.3d 984, 989 (5th Cir. 1998). *See also Kaplan v. Shure Bros., Inc.*, 153 F.3d 413, 422 (7th Cir. 1998) ("A statute of repose is essentially different from a statute of limitations, in that a limitations statute is procedural, giving a time limit for bringing a cause of action, with the time beginning when the action has ripened or accrued; while a repose statute is a substantive statute, extinguishing any right of bringing the cause of action, regardless of whether it has accrued.") (internal citation omitted); *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998), *cert. denied sub nom.*, 526 U.S. 1065, 119 S.Ct. 1456 (1999) ("a statute of repose may bar commencement of an action even before the cause of action accrues"); *Crouch v. General Electric Co.*, 699 F.Supp. 585, 592 n.5 (S.D.Miss.1988) ("Statutes of repose acquire a substantive character since they operate to extinguish not only the right to enforce a remedy but the substantive right itself"); and *Moore v. Liberty Nat. Ins. Co.*, 108

F.Supp.2d 1266, 1275 (N.D.Ala.2000) (same).  A statute of peremption, as La. Rev. Stat. 9:5605,

operates exactly the same as a statute of repose.

Although there is no jurisprudence on point regarding whether the tolling of a statute of

limitations can resurrect a right that has been extinguished pursuant to La. Rev. Stat. 9:5605, the

*Burlington* case can provide guidance.  In *Burlington*, the Fifth Circuit addressed whether 42 U.S.C.

§9658 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)

preempted the Texas statute of repose in a lawsuit involving a buyer's products liability claim.

*Burlington Northern & Santa Fe Railway Co.*, 419 F.3d 355.  In considering that issue, the court

concluded that § 9658 does not preempt the Texas statute of repose  because the language in the

federal statute referenced applicable statutes of limitations, not repose.  The same is true here.

Section 1367(d) allows "the period of limitations" to be tolled but makes no mention of periods of

repose.  As another circuit noted, the fact that a statute of repose is at play, rather than a statute of

limitations, "makes the need for Congressional clarity even greater."  *L-3 Communications Corp.

v. Clevenger*, 2004 WL 1941248 (E.D. Pa. Aug. 31, 2004).

Other federal courts have held that statutes of repose are not subject to equitable tolling,

which is the express purpose of Section 3467(d).  For example, in *Champion v. Homa*, 2008 WL

900967 (M.D. Ala. March 31, 2008), at issue was whether claims under the Securities Exchange Act

of 1934 should have tolled pending adjudication of a suit filed by the Securities Exchange

Commission against Homa.  The Court noted that the three years limitations period acts [under the

applicable federal law] is a statute of repose and, as such, is not subject to *equitable* tolling.  *See,

e.g., Lampf, Pleva, Lipkind, Prupis & Petigrew v. Gilbertson,* 501 U.S.350, 363, 111 S.Ct. 2773

(1991) (Securities Exchange Act is not subject to tolling as "the purpose of the three-year limitation is clearly to serve as a cutoff"); *Bradway v. Am. Nat. Red Cross,* 992 F.2d 298, 301 (11th Cir. 1993) ("the statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists."); and *Fischler v. AmSouth Bancorporation,* 971 F.Supp. 533, 536 (M.D. Fla. 1997) (15 U.S.C. § 78i(e) contains a three year statute of repose to which equitable tolling does not apply and which commences at the latest on the date on which the security was sold).

The Fifth Circuit has held similarly. In *Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506 (5th Cir. 2008), a claim was brought under the federal Equal Credit Opportunity Act and state law. At issue was whether the discovery rule, i.e. when the damage was actually discovered, could toll a claim. The Court held that it could not because the time prescription was one of repose. *Id.* at 508. The court noted that "This is statute of repose establishing with clear text a 'jurisdictional bar' under which 'federal courts lack the power to extend the period to allow for late adjudication of claims.'" *Id. citing Davis v. Johnson ,* 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474 (1999). In the present case, La. Rev. Stat. 9:5605 creates a jurisdictional bar and peremption cannot be tolled.

In yet another case, the Fifth Circuit held that the required exhaustion of administrative remedies cannot toll a statute of repose. In *Radford v. General Dynamics Corp.*, 151 F.3d 396 (5th Cir. 1998), *cert. denied*, 525 U.S. 1105, 119 S.Ct. 872 (1999) the plaintiff sued for benefits under ERISA which has a six year statute of repose pursuant to its Section 413. For that reason, the court held that there could be no tolling even during the pendency of administrative remedies. As the Fifth

Circuit noted, "[a]s a statute of repose, §413 serves as an absolute barrier to an untimely suit." *Id.* at 400.

Therefore, Section 1367(d) allows for the tolling of a statute of limitations but cannot resurrect an extinguished right.  As stated above, the time limitations on a suit of malpractice are peremptive, and the right to sue timely cannot be tolled.

### D.    State Claims No Longer Pending

Counter-plaintiffs argue that their state law claims were tolled during their appeal.  Although their claims cannot be tolled, as discussed above, counter-plaintiffs' argument is flawed because they would have been better served to file suit within 30 days of the dismissal of their claim by the district court.  The Notes to 28 U.S.C. 1367 advise that:

> The dismissal moment should be taken to be the moment of dismissal in the district court. Even if an appeal is taken to a court of appeals from the district court dismissal, the party whose claim has been dismissed under §1367 does best to commence the state action within the prescribed time measured from the district court dismissal, and not from some later appellate affirmance of it. Perhaps, after commencing the state court action in such a situation, the plaintiff can ask the state court to stay the action--now timely commenced and pending--while the federal appeal proceeds. This seems to be the safest course until there is a definitive federal ruling about whether the 30-day period may be measured from an appellate determination. The matter is not addressed by the statute, and anything connected with the statute of limitations must be handled conservatively.

28 U.S.C. §1367.

Instead, rather than follow the advice in the federal notes, counter-plaintiffs played fast and loose and did not re-file their claims until they filed a reconventional demand.  In support of their procrastination, counter-plaintiffs cite a lone case from a state court in Maryland which stated that

a case was "pending" during its appeal.  That aberrent case has no precedential value in this court or any federal court.  Counter-plaintiffs had thirty days from the judgment rendered on March 6, 2008, to file their claims in state court.  They did not file their claims until almost one year later which was too late to preserve any claims not already prescribed.

### E.    Many Claims Prescribed Prior to Federal Filing

Counter-plaintiffs have spent an extraordinary amount of time arguing when their claims prescribed after the district court rendered its decision.  This argument is moot because peremption cannot be tolled **and** because a majority of the claims had prescribed before the original federal suit had been filed on November 20, 2007.

### 1.    Smith's Claims Prescribed Before Federal Complaint was Filed

As stated in counter-defendant's Motion to Dismiss, Smith knew that Howard withdrew from representing her on June 20, 2006.  Therefore, any claim of malpractice based upon Howard's representation prior to the withdrawal and the withdrawal itself prescribed on June 20, 2007, before the federal suit was filed.  Smith's claim that she did not receive her file until September 17, 2006 is irrelevant.  Not only did she receive the file upon the request, Howard was no longer her attorney by that time.  Thus, any claim of malpractice based upon his providing or not providing the file has no merit as she has no standing to raise such a claim.  All her claims must be dismissed.

### 2.    St. Germain's Claims Prescribed Before Federal Complaint was Filed

St. Germain claims that Howard committed malpractice by:

(1)    Not telling her until July 10, 2006, more than a year before filing this suit that he had known a deceased relative of her ex-husband's;

11

(2)    Using questions supplied by the plaintiff in the depositions of her husband and his purported girlfriend on July 11 and 14, 2006, more than a year before filing this suit, respectively;

(3)    Failing to pursue a divorce, more than a year before filing this suit, based upon the fault of the husband and not opposing a no-fault divorce judgment which was entered on August 12, 2006;

(4)    Not pursuing retroactive support payments during his representation of her and more than a year before filing this suit;

(5)    Writing antagonizing letters and making unauthorized telephone calls while representing her and more than a year before filing this suit;

(6)    Billing more than a year before filing this suit for both him and his associate to perform the same tasks;

(7)    Telling St. Germain more than a year before filing this suit what he had heard "through the grapevine" about her seeking other representation prior to November 20, 2006;

(8)    Allegedly asking St. Germain to sign verifying affidavits in June of 2006, which was more than a year before filing this suit;

(9)    Requesting an additional retainer on July 27, 2006, more than a year before filing this suit;

(10)    Allegedly bullying her and raising his voice during the time he represented her and more than a year before filing this suit;

(11)    Overbilling with the last bill being sent to her on September 20, 2006, more than a year before filing this; and

(11)    Withdrawing from representing her on November 21, 2006.

Although these allegations are either false, not malpractice, or improperly before this Court

as they already have been adjudicated, all but one have prescribed.  The last allegation is neither

malpractice nor breach of contract and has been adjudicated in state court.  St. Germain's claims of must be dismissed.

### 3.    Branighan's Claims are Perempted

Although Branighan's claims were not prescribed at the time the original suit was filed in federal court, her right to file those claims have since been extinguished.  Howard began representing her on January 12, 2007, and performed legal services for her through March of 2007.   Therefore any claims she had prescribed within one year from March of 2007.  A written judgment was issued on March 6, 2008, by this court dismissing her state claims without prejudice.  Branighan's claims were not preserved because Andrews did not timely re-file the state claims within 30 days after the dismissal of the claims, or by April 5, 2008.  Andrews did not file the reconventional demand until almost a year later.   Using the date that plaintiff's Petition was filed, or March 3, 2009, the reconventional demand for Branighan's claims was filed a year too late, and her claims must be dismissed.

## II.    JUDGMENT FROM FIRST CITY COURT WAS ADJUDICATION OF ST. GERMAIN'S CLAIMS

St. Germain complains that she was not allowed a "full and fair opportunity to litigate an issue in a previous suit."  St. Germain was sued in First City Court.  She was granted two extensions of time in which to respond but failed to answer within the time allowed by the Court.  She filed to Nullify the Judgment, was heard, and her request was denied.  St. Germain and her attorney, Andrews, had the opportunity to respond and counter-claim; unfortunately, they let that opportunity slip by.  Failing to timely answer is not equivalent to not having the opportunity to answer.

13

Counter-plaintiffs make the unsupported statement in their Opposition to Motion to Dismiss that "the *res judicata* effect of that default judgment is limited to what the default judgment says on its face." They give no statutory or jurisprudential support for this erroneous statement because there is none. Furthermore, counter-plaintiffs' sweeping generalization is undercut by the law of *res judicata*:

> If the judgment is in favor of the defendant, **all causes of action** existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

La. Rev. Stat. 13:4231. Their premise that a suit on open account falls outside the requirements of this statute are unsupported by the law. Instead, counter-plaintiffs provide a string of cases in footnote 12 of their opposition that address venue requirements and the need for witnesses in a suit open account. None have any relevance here and none support their premise that a suit on open account renders La. Rev. Stat. 13:4231 inapplicable.

As counter-plaintiffs note on page 5 of their Opposition, La. Code of Civ. Proc art. 1061 required St. Germain to assert, *vis-a-vis* a reconventional demand, all causes of action arising out of the transaction that is the subject matter of the principal demand. *See Classen v. Hofmann*, 06-560 (La. App. 5 Cir. 11/28/06), 947 So.2d 76 (defendant in prior suit was required to assert any causes of action she had against plaintiff arising out of same occurrence as compulsory counterclaim, and having failed to do so, such causes of action were barred under principles of *res judicata*). St. Germain's claims against Mr. Howard arise from his representation of her and the fees that he

charged her.  Thus, her claims based upon his representation of her and the fees he charged had to be brought as a reconventional demand to Howard's suit for unpaid legal fees.

The fact that Howard's suit was for unpaid legal fees did not vitiate St. Germain's obligation to counter-sue if she so desired.  The judgment of the First City Court indeed has a *res judicata* effect on all claims St. Germain had against Howard arising from his representation of her.  St. Germain's claims are barred by *res judicata* and must be dismissed.

**III.    Abuse of Process Claim Must be Dismissed**

Despite his claim to the contrary, Andrews has not provided any evidence that the Petition filed by Howard was in any way irregular in its prosecution of the proceeding. The result that Howard seeks is proper under the law.  The fact that Andrews simply disagrees with its content and does not like being sued for his defamatory statements does not make the Petition an abuse of process.  Were that the legal standard, the courts would be rife with such suits.  Counter-plaintiffs' claim of abuse of process has no merit and must be dismissed.

## SUMMARY

All claims alleged in the counterclaim are prescribed and cannot be tolled.  In addition, St. Germain's claims are barred by *res judicata*.  Last, counter-plaintiffs have not alleged sufficient facts to maintain a claim for abuse of process.  For these reasons, all counter-plaintiffs' claims must be dismissed.

    /s/Joanne Rinardo
NANCY J. MARSHALL T.A. (#8955)
namrshall@dkslaw.com
JOANNE RINARDO (#24201)
jrinardo@dkslaw.com
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana  70130-3672
Telephone:  (504) 581-5141
Facsimile:  (504) 566-1201
**Attorneys for Counter-Defendant**,
**D. Douglas Howard, Jr.**

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing motion has been served upon, **Mark E. Andrews, Esq., Andrews Arts & Sciences Law, LLC,** 7104 Coliseum Street, New Orleans, Louisiana  70118, by electronic means, by fax, by hand, and/or by placing same in the U.S. Mail, postage prepaid and properly addressed, this **18th day of June, 2009.**

    /s/Joanne Rinardo