```
 1                     UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF LOUISIANA
 2

 3     ****************************************************************

 4     D. DOUGLAS HOWARD, JR.
                                     CIVIL DOCKET NO. 09-3450 "J"
 5     V.                            NEW ORLEANS, LOUISIANA
                                     WEDNESDAY, JUNE 24, 2009, 9:30 A.M.
 6     LESLEY SIMMONS ST. GERMAIN,
       HILLARY ROSE SMITH,
 7     MELISSA BRANIGHAN,
       MARK EDW. ANDREWS,
 8     ANDREWS ARTS & SCIENCES
       LAW, LLC,
 9     & DAVID E. SIMMONS, DDS

10     ****************************************************************

11
                          TRANSCRIPT OF PROCEEDINGS
12             HEARD BEFORE THE HONORABLE CARL J. BARBIER
                        UNITED STATES DISTRICT JUDGE
13

14
       APPEARANCES:
15

16     FOR THE PLAINTIFF:          HOWARD & REED
                                   BY:  SHAWN C. REED, ESQUIRE
17                                      AMY YENARI, ESQUIRE
                                   516 N. COLUMBIA STREET
18                                 COVINGTON , LA 70433

19                                 HOWARD & REED
                                   BY:  D. DOUGLAS HOWARD, JR., ESQUIRE
20                                      JONATHAN PETERS, ESQUIRE
                                   839 ST. CHARLES AVENUE, SUITE 306
21                                 NEW ORLEANS LA  70130

22

23     FOR THE DEFENDANT:          ANDREWS ARTS & SCIENCES LAW, LLC
                                   BY:  MARK EDW. ANDREWS, ESQUIRE
24                                 7104 COLISEUM STREET
                                   NEW ORLEANS LA  70118
25
```

```
 1   FOR THE COUNTER DEFENDANT:    DEUTSCH, KERRIGAN & STILES, LLP
                                   BY:   JOANNE RINARDO, ESQUIRE
 2                                 755 MAGAZINE ST.
                                   NEW ORLEANS LA 70130
 3

 4

 5   OFFICIAL COURT REPORTER:      CATHY PEPPER, CRR, RMR, CCR
                                   500 POYDRAS STREET, ROOM B406
 6                                 NEW ORLEANS LA  70130
                                   (504) 589-7779
 7

 8   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
     PRODUCED BY COMPUTER.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          **P-R-O-C-E-E-D-I-N-G-S**

2          WEDNESDAY, JUNE 24, 2009

3          M O R N I N G   S E S S I O N

4          (COURT CALLED TO ORDER)

5

6

7          THE DEPUTY CLERK:  Civil Action #09-3450, *D. Douglas*

8    *Howard, Jr. versus Leslie Simmons St. Germain, et al.*

9          THE COURT:  Maybe if counsel for the government could

10   just move down a little bit and make a little room for these

11   folks to sit around these tables.  Thank you.

12              All right.  Counsel, you can make your appearances,

13   please.

14          MS. REED:  Good morning, Your Honor.  Shawn Reed on

15   behalf of D. Douglas Howard, Jr.

16          MR. HOWARD:  D. Douglas Howard, Jr., in *pro se*.

17          MS. RINARDO:  Joanne Rinardo.

18          MS. YENARI:  Amy Yenari.

19          MR. PETERS:  Jonathan Peters.

20          MR. ANDREWS:  Mark Andrews, *pro se* and on behalf of the

21   rest of the defendants.

22          THE COURT:  Who is going to argue on behalf of the

23   movers?

24          MS REED:  Shawn Reed, Your Honor, myself.

25          THE COURT:  Ms. Reed, okay.  Come forward.  This is your

 1    motion.  The only motion that we're hearing this morning is the

 2    Plaintiff's, Douglas Howard's, Motion to Remand this matter to

 3    state court.  I believe I've read everything that you all have

 4    filed, and read the cases, or the main cases.

 5            Ms. Reed, you can proceed.

 6        MS. REED:  Your Honor, I know that -- excuse me, good

 7    morning.  My name is Shawn Reed, and I have the pleasure this

 8    morning of representing D. Douglas Howard in this matter.

 9            Judge, I know that you're somewhat familiar with

10    this case.  I think you've seen it in the past, and so here we

11    are, again.

12            Frankly, Judge, this is a case that involves purely

13    state court causes of action.  In the *Trevino* case, as this Court

14    is aware, the Supreme Court said that you can avoid federal court

15    by the plaintiff only using -- relying on state court causes of

16    action.

17            Well, as you know, this saga began in First

18    City Court for the collection of a debt.  It has escalated to

19    this point now, and it's an ongoing attack on the personal and

20    professional reputation and integrity of Mr. Howard.  One would

21    think that this would have ended at some point, but --

22        THE COURT:  What's the status of the underlying -- let's

23    see.  This started as a suit to collect legal fees --

24        MS. REED:  Open account.

25        THE COURT:  -- by Mr. Howard against Ms. St. Germain and

1  somebody else --

2      MS. REED:  That's correct.  That's correct.

3      THE COURT:  -- for some legal work he did in connection

4  with a divorce, right?

5      MS. REED:  That's correct.

6      THE COURT:  What were the amount of the legal fees

7  involved?

8      MS. REED:  About $4,000.

9      THE COURT:  $4,000.  And now we've had two federal

10  lawsuits, two state court suits, RICO suits, defamation suits,

11  appeals to the Fifth Circuit, writs to the U.S. Supreme Court --

12      MS. REED:  Yep.

13      THE COURT:  -- over a suit for attorney's fees over

14  three or $4,000.

15      MS. REED:  And I would tell you, Judge, that --

16      THE COURT:  I'll tell both sides here, this is absurd.

17  Both of you, both sides need to grow up here and make this go

18  away.  I mean, this is absolutely ridiculous.  Okay.

19          You can proceed from there.

20      MS. REED:  Judge, and I want to -- I want to make this

21  clear that I think it was Mr. Howard's intention to make --

22      THE COURT:  Mr. Howard has now collected his fees,

23  right?

24      MR. HOWARD:  Yes.

25      MS. REED:  Yes.  But we have paid over $100,000 in fees

1   to defend the suits brought by Mr. Andrews.  In addition to that,

2   Your Honor, Mr. Andrews doesn't stop.  He's now posted this

3   information on his web site about Mr. Howard.  He's written the

4   bar association on numerous occasions, which cases have been

5   dismissed.

6           If Mr. Andrews would stop the continuous ongoing

7   attacks, then perhaps we could end this matter; but, it's

8   impossible to do that.

9           So, with that said, Your Honor, the reason I got

10  involved in this case, and I'll tell you, is because I felt like

11  maybe I could interject some levity and calm between the parties.

12  And the very first thing I do is get a motion for sanctions filed

13  against me.  I've never met this man before in my life before

14  this morning, and I still haven't formally met him.  So I agree

15  with you that this is a very difficult case.  But I will tell

16  you --

17          THE COURT:  I didn't say it was a very difficult case.

18          MS. REED:  Well, it's absurd.

19          THE COURT:  You said.  I said it's absurd, is what I

20  said.  Yes.

21          MS. REED:  But it's on ongoing character assassination

22  that hasn't stopped.  If you go to his web site today, you'll

23  find all of this information, that Mr. Howard has basically

24  stolen from clients, his malpractice, his -- on and on and on and

25  on.

1        So, with that said, in an effort to try to stop

2   this, the plaintiffs filed a suit on state court causes of action

3   solely, Your Honor.  And these state court causes of action are

4   defamation, malicious prosecution, abuse of process, intentional

5   and negligent infliction of emotional distress.  There were

6   absolutely no federal claims whatsoever urged in this case.

7        There is no federal question.  I think this Court

8   previously dismissed the RICO actions; and, so, from that, the

9   defense now wants to argue that that --

10      THE COURT:  Which was affirmed by the Fifth Circuit,

11  right?

12      MS. REED:  Which was absolutely affirmed by the

13  Fifth Circuit.

14      THE COURT:  Now, Mr. Andrews says he's got a pending

15  writ application to the U.S. Supreme Court?

16      MS. REED:  Yes, sir, but that's really irrelevant to

17  this case, and I'll tell you why.  It's because in this very

18  lawsuit, Mr. Andrews filed a reconventional demand, where he

19  realleged all of the same things.  So, regardless of what happens

20  with the RICO suit, Mr. Howard still has the same exact state

21  court claims because it didn't just end or begin with the RICO.

22  It's an ongoing.  It's everywhere.  It's the bar association.

23  It's in the community.  It's on his web site.

24      So, really, what happens with the U.S. writ is not

25  going to change what's ongoing in state court for defamation and

1    malicious prosecution and his ongoing intentional infliction of

2    emotional distress.

3            Judge, this is a case that, although RICO claims

4    were made, those are just a small minutia of the facts that make

5    up this state court claim.  And to say that this Court's

6    dismissal of the RICO action, and the Fifth Circuit approving

7    that, somehow turns a defamation suit into a federal question is

8    also ludicrous, Your Honor.  There is no -- the very fact that

9    this Court dismissed the RICO case, the Fifth Circuit approved

10   the dismissal, if anything, supports the fact that there is no

11   federal jurisdiction or federal question in this case.

12           No new -- in the original petition, all of the same

13   set of facts were contained in the original petition that was

14   filed in Civil District Court.  The supplemental and amending

15   petition filed by Mr. Howard really just recited more

16   specifically the various causes of action.  So our first argument

17   is, his whole removal was untimely because --

18           THE COURT:  What defenses, other than trying to

19   remove -- removing this case here, removing Mr. Howard's

20   defamation and malicious prosecution, et cetera, state court

21   suit, what defenses, affirmative defenses, has Mr. Andrews or his

22   clients asserted here in this case?

23           MS. REED:  Well, I think that that's a very important

24   question because, under his argument that he is an officer of the

25   court, not only would he have to be an officer of the court,

1   which we say he's not and we'll get into that, the second part of

2   that test by the Supreme Court is that he would have to have a

3   federal defense in order to maintain jurisdiction under

4   22 1442 -- 28 U.S.C. 1442.  The only defenses that he's alleged

5   in this case, *res judicata*, prematurity, and prescription.

6           THE COURT:  *Res judicata* based on --

7           MS. REED:  On the fact that --

8           THE COURT:  -- the fact that I did not sanction him, and

9   the Fifth Circuit did not sanction him?

10          MS. REED:  Yes.

11          THE COURT:  Okay.

12          MS. REED:  And so, therefore -- but, Your Honor, all of

13  those claims are still state court, state court claims.  The

14  prescription would apply state court law of prescription and

15  tolling or peremption.  *Res judicata* would also apply in state

16  court, what the state court *res judicata* laws would be.

17  Prematurity are state court prematurity.  And this Court would

18  really just be applying state court defenses to a state court

19  claim.

20          Under 1441 -- let's look -- that's another thing

21  that he argues.  Well, would it have been proper to file this

22  suit in federal court to begin with?  And the answer is

23  absolutely not.  There is no diversity between the parties.

24  There is no federal claim here.  The amount in controversy is

25  over $75,000.  The legal fees alone are over $100,000, and that's

1   an actual damage.  So there is no way that this suit could have

2   been filed as original jurisdiction in federal court.

3                Then, Mr. Andrews attempts to say that, well, he's

4   an officer of the court; and, now, in his reply brief, he says,

5   well, that's novel law.  That's not novel law.  There is plenty

6   of law to the effect that just because we're licensed to practice

7   before a federal court doesn't make us a federal officer of the

8   law or officer of the court.

9                There's several cases that we cited, one very

10  similar to this where Mr. Berg successfully defended himself in

11  federal court under a malicious -- it was a racketeering case,

12  then filed a malicious prosecution action.  The defense tried to

13  remove it to federal court by saying, well, that case arose in

14  federal court, it was about a racketeering charge; and, so,

15  therefore, the malicious prosecution involves a federal question.

16               The Ninth Circuit sent it back and said, absolutely

17  not.  That's a state court issue.  It needs to go back to state

18  court.  Just by the very fact that you would have to look at some

19  federal issues involved does not change it into a federal

20  question case that would be removable.

21               Same in the *Cammer* case.  A defendant was held by

22  its local bar association -- he was in private practice, he was

23  also held on disciplinary charges -- that was the *Shimek* case.

24  He came up on disciplinary --

25               THE COURT:  *Cammer* was the case where the lawyer --

1          MS. REED:  In contempt.

2          THE COURT:  -- in federal court was held in contempt --

3          MS. REED:  Right.

4          THE COURT:  -- under a statute which allows a federal

5     judge to find in contempt an officer of the United States for

6     violation of their official duties.

7          MS. REED:  You're exactly right.

8          THE COURT:  Yes.

9          MS. REED:  And in *Shimek*, this attorney that had --

10    because of what he did in federal court, the state filed

11    disciplinary action against him.  He sought to remove his

12    disciplinary proceeding to federal court saying, well, this

13    started in federal court.  And they said, no.  They sent it back.

14          The U.S. Supreme Court -- citing the U.S.

15    Supreme Court case of *Willingham* that says just because a lawyer

16    is -- can practice before the court doesn't make them an officer

17    of the court.  An officer of the court -- even if -- well,

18    let's -- even if we assume that he wins on his issue that he is

19    an officer of the court -- which clearly he's not under any case

20    that he's cited.  In fact, I don't think he ever cited a case

21    that made him an officer of the court.  Even if that was the

22    case, the test under 1442 is not only are you an officer of the

23    court, you also have to have a federal defense available to you

24    under 1442.

25          This is clearly to prevent a state from applying --

1   going off and applying some weird law to a federal officer that,

2   in federal court, would be given immunity of some sort, or they

3   were actually working for the government.

4           Not only does he not have a defense, and he's not

5   an officer of the court, I can't find anywhere in his pleadings

6   where he's ever even alleged that he has a federal defense in

7   this case.  So, therefore, he certainly hasn't met the test under

8   1442 for federal jurisdiction.

9           And under 1441, there is nothing that's been done

10  and nothing that could happen in the future, with the U.S.

11  Supreme Court or any other court, that would change this issue

12  into a federal question.

13          THE COURT:  All right.  I understand your argument.  Let

14  me hear from Mr. Andrews.  Thank you.

15          MS. REED:  Thank you, Your Honor.

16          THE COURT:  Mr. Andrews --

17          MR. ANDREWS:  Yes, Your Honor.

18          THE COURT:  -- you removed this case, what is

19  ostensibly, on its face, a pure state law claim based on state

20  laws of defamation, malicious prosecution and abuse of process,

21  you removed it to federal court on two grounds, as I see it,

22  right?

23          MR. ANDREWS:  Yes, Your Honor.

24          THE COURT:  One, on behalf of all defendants, that there

25  is a federal question, so it arises under federal law.  And,

```
 1  secondly, that as it pertains to you as a named defendant, that
 2  you being, quote, an officer of the court, you have a right to
 3  remove it under the so-called federal officer removal provision.
 4          MR. ANDREWS:  Yes, Your Honor.
 5          THE COURT:  Let's talk about the federal officer removal
 6  statute first.  Do you have a single case which holds or implies
 7  in any way that a private lawyer in private practice who
 8  practices in federal court is an officer of the United States
 9  courts for the purposes of this removal statute or any other
10  statute?
11          MR. ANDREWS:  I do not have a case that holds so.  What
12  I have is the Herron case from 1994 or '96, in the Fifth Circuit,
13  where, in footnote two, they say, "We do not reach this
14  question."
15          THE COURT:  They say, "We do not reach this question."
16  That's a far cry from holding or even implying that that's the
17  law, right?
18          MR. ANDREWS:  Yes, Your Honor.  But I have the First
19  Circuit --
20          THE COURT:  So I'm asking you, again, do you have a
21  single case?  And I think you've answered it, but I'm assuming,
22  it sounds like you have no case.
23          MR. ANDREWS:  Your Honor, I have the First Circuit case
24  of Jones vs. Pinetta, where a court reporter was found to be
25  allowed to remove under the statute.
```

1    THE COURT:  Well, this is a court reporter reporting in

2    federal court.  That's a far cry from a private lawyer.

3    Certainly, if you sued my court reporter in federal

4    court for something -- I mean, in state court for something she

5    did here, I would guess she would be a federal officer and able

6    to remove; but, that's a far cry from you being a private lawyer

7    in private practice.

8    I mean, I just think this is such a farfetched

9    notion that it's ridiculous.  And I was hoping that you could

10   come up with one single case to tell me where you came up with

11   this sort of crazy notion that a private lawyer can somehow be a

12   federal officer, an officer of the United States courts, for

13   purposes of the removal statute.

14   MR. ANDREWS:  Your Honor, I have the line of cases that

15   interpret subsection one of the federal officer removal statutes.

16   Most of the cases have been based on the contractor defense,

17   federal contractor defense.

18   THE COURT:  That's the whole purpose of the federal

19   officer removal statute.  It's to make sure a federal officer

20   engaged in executing his or her official duties is not subject

21   to, for example, arrest in state court for just, you know,

22   performing their official duties, in state court.  And they

23   can't -- they're allowed to remove it here so they can assert a

24   federal defense such as -- the common one is immunity, federal

25   officer immunity; or, in the case of a contractor, federal

1    contractor defense.

2              I mean, this is something I've just -- I don't know

3    where you pulled this notion out of the air somewhere, you know.

4    I'm waiting to hear what basis you have for making this

5    allegation.

6         MR. ANDREWS:  Your Honor, under subsection one, and in

7    mostly federal contractor cases, people acting under federal

8    officers --

9         THE COURT:  Which federal officer were you acting under

10   when you did whatever you're alleged to have done in the court?

11   What federal officer was directing you to file the pleadings you

12   filed, or file the RICO suit, or filed any other pleadings that

13   you're -- and I'm not making any -- understand, I'm not making

14   any prejudgment here on any validity, whether there is any

15   validity at all to Mr. Howard's state court claims against you.

16   But in the federal contractor defense context, the contractor has

17   to show that the contractor was acting pursuant to the directions

18   of a federal officer.

19             For example, the government comes up with plans as

20   to how to build something, and they tell the -- hire a

21   contractor, and this is how we want it built and designed.  And

22   the contractor does it in accordance with the government's

23   specifications and directions; then, they are generally entitled

24   to assert the federal contractor defense.

25             There was no one directing you to do what you did

1  here.  You were acting as a private attorney.

2          MR. ANDREWS:  And as an officer of the court,

3  Your Honor.  I have no case that says --

4          THE COURT:  So I was directing you to do what you did in

5  this Court, to file what you filed?  Are you saying I was the

6  federal officer who was directing you in what you did?

7          MR. ANDREWS:  You didn't direct me to file the case,

8  Your Honor.

9          THE COURT:  Well, name the federal officer who was

10  directing you.

11          MR. ANDREWS:  The entire court was.

12          THE COURT:  The entire court.  So the en banc court was

13  directing you to file your pleadings and telling you what to

14  plead and how to plead and what to allege; is that what you're

15  saying?

16          MR. ANDREWS:  No, Your Honor, I'm not saying that.

17          THE COURT:  That's what you just said.  You said the

18  entire court was.

19              Let's move on to something -- beyond the fact of

20  not being a federal officer, what is the colorable federal

21  defense that you are alleging in this case?

22          MR. ANDREWS:  Well, the federal defense, which is part

23  of the officer removal, is the claim preclusion, the

24  *res judicata*, the fact that --

25          THE COURT:  If you've done any research at all, by now

1   you would have learned that the fact that a state court lawsuit

2   may make claims that could be subject to a *res judicata* defense

3   because of a prior federal court judgment, that is not the basis,

4   that does not give you federal jurisdiction or basis to remove

5   that case.

6           I've had a number of these cases where people come

7   in, and they will remove a case here from state court because

8   they said it's related to an earlier federal court suit, some

9   judgment or order or ruling that I've rendered.  And it may well

10  be related, but that is not proper grounds for removal.

11          MR. ANDREWS:  Yes, Your Honor.

12          THE COURT:  I assume you would have found that out.  And

13  there are plenty of jurisprudence for that, the main case being

14  the United States Supreme Court case of *Rivet*, R-I-V-E-T, *versus*

15  *Regions Bank*, which came out of Louisiana, by the way --

16          MR. ANDREWS:  Yes, Your Honor.  I cite that --

17          THE COURT:  -- a 1998 case, in which a unanimous

18  Supreme Court held that, "Claim preclusion by reason of a prior

19  federal judgment does not provide a basis for removal

20  jurisdiction."

21          MR. ANDREWS:  Your Honor, that was under 1441.

22          THE COURT:  Did you find that case?

23          MR. ANDREWS:  Yes, sir, I cite it in my brief.  And what

24  *Rivet* held was that the claim preclusion was a federal defense;

25  and, therefore, in the *Rivet* case did not create removability

1   under Section 1441.

2           But my reading of *Rivet*, and I quoted from *Rivet* in

3   my reply brief -- I'm sorry, my response brief, and they said

4   that claim preclusion is a defense; and, therefore --

5           THE COURT:  Sure, it's a defense.  It can be a defense.

6   It's a defense in state court.  But you can raise that in state

7   court, and the state court is fully competent of ruling on that.

8           Okay, let's move on to another question, because

9   you're not doing too well, here, Mr. Andrews, so far.

10          What is the federal law that would give this Court

11  federal question jurisdiction?

12          MR. ANDREWS:  28 U.S.C. Section 1367(d), Your Honor.

13          THE COURT:  All that statute provides is that when I

14  dismissed the federal RICO claim with prejudice, and then I

15  dismissed your state law claims in the original underlying suit

16  without prejudice, you had a right to go back and refile those in

17  state court, if you did it timely.

18          MR. ANDREWS:  Yes, Your Honor.

19          THE COURT:  And whether you did or did not, the state

20  court will have to sort that out; but, that doesn't give you

21  federal jurisdiction here.  Those were on -- that's on the

22  supplemental jurisdiction claims.

23          MR. ANDREWS:  Your Honor, you did --

24          THE COURT:  So that's your only argument here for

25  federal question is 1367(d)?

1           MR. ANDREWS:  Mr. Howard sued me --

2           THE COURT:  No.  Answer my question.

3           MR. ANDREWS:  No, Your Honor.  I have a much weaker

4    claim based --

5           THE COURT:  You have a weaker one than that?

6           MR. ANDREWS:  Yes, sir.

7           THE COURT:  Well, let me hear what the weaker one is

8    because --

9           MR. ANDREWS:  The weaker one is based on the civil RICO

10   suit.  The stronger one is the 1367(d), which would normally be

11   something to be worked out in state court.  It would normally be

12   the plaintiffs/counter-defendants' defense to the counterclaims;

13   but, he amended his complaint, his main action.  He amended it to

14   include claims against me for filing the reconventional demand

15   that I was supposed to have known was time barred.  He,

16   therefore, made this federal question of 1367(d) a part of his

17   main action.

18          THE COURT:  Are you suggesting that any time a lawyer

19   does something in federal court and is subsequently sued in state

20   court for legal malpractice, say, or under any state law theory,

21   that that's removable to federal court?  Because that's where

22   your argument would lead to.  We'd have almost -- well, we'd have

23   a whole slew of state law cases removed here just because it

24   involved a lawyer who did something in federal court.

25          MR. ANDREWS:  No, Your Honor, that's not what I'm

1   saying.

2          THE COURT:  That seems to be where your argument would

3   go, you know, would lead to.  That would be a logical conclusion.

4          MR. ANDREWS:  The original action for defamation was not

5   removable.  I looked.  It wasn't removable.  It was only when

6   these claims for my bringing the reconventional demand two weeks

7   earlier, only when those claims were amended into the petition

8   that it --

9          THE COURT:  I don't see where anything really changed.

10  It sounds like Mr. Howard just thought of a few other legal

11  bases, but he was alleging the same basic facts.  I mean, all of

12  this comes from the original RICO lawsuit and what you did in

13  state court in connection with that --

14         MR. ANDREWS:  Your Honor, he --

15         THE COURT:  -- that you accused him of all of these

16  things.  And I don't know how that changes anything.

17         MR. ANDREWS:  He could not have sued me for filing the

18  reconventional demands until I filed the reconventional demands

19  two weeks before he sued me on them.

20         THE COURT:  But the reconventional demands just

21  regurgitated what you had already alleged in this Court and in

22  state court.  I don't see how that changed anything.

23         MR. ANDREWS:  Because he sued me for bringing them as

24  time barred.  That was an element of his suit, because they were

25  time barred.  It didn't matter what they said.

1          THE COURT:  If they are, they are; if they are not, they

2     are not.  But state court can figure that out as well as I can.

3     I don't see any way that gives us federal jurisdiction here.

4               Anything else you want to add, Mr. Andrews?

5               MR. ANDREWS:  No, Your Honor.  Thank you.

6          THE COURT:  All right.  As I said, this case arises out

7     of a suit originally brought by Attorney Douglas Howard in First

8     City Court seeking unpaid legal fees against Ms. St. Germain.

9     And, ultimately, at some point, a default was entered when

10    Ms. St. Germain did not timely answer that lawsuit in First City

11    Court, and a judgment was entered on behalf of Mr. Howard.

12              Apparently, after being unable to get that judgment

13    set aside, Mr. Andrews, on behalf of Ms. St. Germain and another

14    client, came to this Court and filed a federal RICO, a

15    racketeering lawsuit, against Mr. Howard alleging that he had

16    engaged in a criminal racketeering enterprise in conjunction with

17    his practice of domestic law.

18              This Court, ultimately, after hearing argument on

19    the case, on the motions to dismiss -- I don't remember now if it

20    was a motion to dismiss or a motion for summary judgment, but I

21    held that the plaintiffs in this Court, in the RICO case, failed

22    to state a viable claim under RICO, and I dismissed all the

23    federal claims in that case with prejudice, and I dismissed the

24    supplemental state law claims without prejudice.

25              The plaintiffs in that RICO case appealed to the

 1  Fifth Circuit.  The Fifth Circuit affirmed the dismissal.  It is

 2  true that both this Court and the Fifth Circuit denied the

 3  defendant, Mr. Howard, in that case, the defendant's motion for

 4  sanctions.  I don't recall exactly what was said about that at

 5  the time, frankly, but I think I made a ruling from the bench, as

 6  I recall.  But I'm not a big fan of sanctioning lawyers, and I'm

 7  assuming I just gave Mr. Andrews the benefit of the doubt by not

 8  sanctioning him; although, it was certainly plausible that he

 9  could have been sanctioned, I think, for filing that RICO suit,

10  which was totally baseless, as far as I am concerned.

11           The Fifth Circuit, as I recall, also, in denying

12  the sanctions, made a comment that it was a very close call,

13  which means that could have gone either way.

14           My understanding is the underlying judgment has

15  been paid; is that right?  The legal fees have been paid?

16           MS. REED:  Yes, Your Honor.

17           THE COURT:  It would have been nice if everybody would

18  have just acted as grown-ups at that point and put this thing,

19  this mess behind them; but, for whatever reason, neither side

20  appears capable of doing that.

21           It's alleged -- and I haven't looked at

22  Mr. Andrews' web site, but it's alleged that Mr. Andrews and his

23  clients are continuing on what might be termed a vendetta, a

24  retaliation against Mr. Howard.  Mr. Howard, in turn, has filed a

25  state court lawsuit alleging defamation, abuse of process and

1  malicious prosecution.  Again, I'm not going to attempt to judge

2  the validity of any of those claims.

3            And as a result of the filing of that suit, we're

4  here now because Mr. Andrews removed that state court lawsuit

5  here, arguing that there is federal jurisdiction under the

6  so-called federal officer removal statute and/or under the

7  federal question statute, removal statute.

8            I think neither of those arguments are plausible

9  for the reasons I've largely stated.  It's clear to me that there

10 are a number of cases -- it is hard to find a case precisely on

11 point like this one, and maybe because this is so farfetched that

12 nobody else has thought of filing something like this; but, in my

13 view, there is no way that a private lawyer, acting in his

14 private capacity in private practice, who handles a case in

15 federal court can be considered an officer of the Courts of the

16 United States for purposes of the removal statute.

17            And there is plenty of case law that indicates that

18 that is the proper analysis.  And you can look at the *Cammer* case

19 from the United States Supreme Court, *Cammer versus*

20 *United States*, where the Supreme Court held that a lawyer was not

21 an officer of the court within the statute empowering federal

22 court to punish as contempt misbehavior of any of its officers in

23 their official transactions.

24            The district court case out of Florida, *Florida*

25 *versus Shimek*, S-H-I-M-E-K, 1973, which held that a lawyer is not

1  an officer for removal statute purposes.  There, an officer

2  attempted to remove -- apparently, a lawyer, I mean, had done

3  something in federal court which led to state disciplinary

4  proceedings against him.  And he argued that he was an officer of

5  the federal court acting in that capacity; therefore, he could

6  remove the state disciplinary action to federal court.  The court

7  said, no, that's not correct.

8            And one case that's pretty close to our case here,

9  closest in terms of factual background, is *Berg versus Leason*, a

10  Ninth Circuit case from 1994, where after successfully defending

11  himself in federal court against allegations of violations of

12  federal security and racketeering laws, the plaintiff, who had

13  been the defendant in the federal court action, plaintiff sued in

14  state court for malicious prosecution.  And the defendant removed

15  the case; and, the circuit court -- the district court refused to

16  remand it.  The Court of Appeals held that malicious prosecution

17  claim did not arise under federal law simply because one element

18  of proof required that the underlying action was legally

19  untenable.  And it's awfully close to we have here.

20            And it's already been decided, in this Court and

21  the Fifth Circuit, that the underlying RICO case was legally

22  untenable.  Whether or not that ultimately leads a state court to

23  conclude that it would be considered malicious prosecution or

24  abuse of process or defamation is another matter to be decided in

25  state court.

1          So Mr. Andrews is not a federal officer.  Beyond

2  that, he has not raised a colorable federal defense.  And,

3  lastly, there are no federal causes of action or claims pled in

4  the state court lawsuit to make it removable under the federal

5  question jurisdiction.  And so, for those reasons, I'm going to

6  grant the motion to remand this case.  I'm remanding it for lack

7  of federal subject matter jurisdiction.

8          Mr. Andrews, I'm going to -- was there a request

9  for sanctions in this case or for imposition of fees and costs?

10         MS. REED:  Yes, Your Honor, there was.

11         THE COURT:  I'm going to award Mr. Howard reasonable

12  attorney's fees and costs in conjunction with needing to file the

13  motion to remand and arguing it here today.  I'm going to order

14  that a motion for fees, properly supported and documented, be

15  filed within 15 days; that any opposition or traverse to that

16  motion be filed seven days thereafter, and I'll issue my ruling

17  on that.

18         All right.

19         MS. REED:  Thank you, Your Honor.

20         MR. HOWARD:  Thank you, Your Honor.

21         THE COURT:  Mr. Andrews, before you file any more, you

22  know, you filed a RICO claim in this Court, which was baseless;

23  now, you've filed a removal, which was totally baseless.  I am

24  imposing fees and costs this time.  This has got to stop.  And I

25  strongly suggest that you do a lot more research before you start

1   filing things in federal court, again.

2           Thank you, Counsel.

3           MS. REED:  Thank you, Your Honor.

4           (WHEREUPON, at 10:10 a.m., the proceedings were

5   concluded.)

6                         *    *    *

7

8

9

10

11                   REPORTER'S CERTIFICATE

12

13      I, Cathy Pepper, Certified Realtime Reporter, Registered

14  Merit Reporter, Registered Professional Reporter, Certified Court

15  Reporter, Official Court Reporter for the United States District

16  Court, Eastern District of Louisiana, do hereby certify that the

17  foregoing is a true and correct transcript, to the best of my

18  ability and understanding, from the record of the proceedings in

19  the above-entitled and numbered matter.

20

21

22                       *s/Cathy Pepper*

23                       Cathy Pepper, CRR, RMR, CCR

24                       Official Court Reporter

25                       United States District Court

## #

**#09-3450** [1] - 3:7

## $

**$100,000** [2] - 5:25, 9:25
**$4,000** [3] - 5:8, 5:9, 5:14
**$75,000** [1] - 9:25

## '

**'96** [1] - 13:12

## 0

**09-3450** [1] - 1:4

## 1

**10:10** [1] - 26:4
**1367(d** [4] - 18:12, 18:25, 19:10, 19:16
**1441** [4] - 9:20, 12:9, 17:21, 18:1
**1442** [5] - 9:4, 11:22, 11:24, 12:8
**15** [1] - 25:15
**1973** [1] - 23:25
**1994** [2] - 13:12, 24:10
**1998** [1] - 17:17

## 2

**2009** [2] - 1:5, 3:2
**22** [1] - 9:4
**24** [2] - 1:5, 3:2
**28** [2] - 9:4, 18:12

## 3

**306** [1] - 1:20

## 5

**500** [1] - 2:5
**504** [1] - 2:6
**516** [1] - 1:17
**589-7779** [1] - 2:6

## 7

**70118** [1] - 1:24
**70130** [3] - 1:21, 2:2, 2:6
**70433** [1] - 1:18
**7104** [1] - 1:24
**755** [1] - 2:2

## 8

**839** [1] - 1:20

## 9

**9:30** [1] - 1:5

## A

**a.m** [1] - 26:4
**A.M** [1] - 1:5
**ability** [1] - 26:18
**able** [1] - 14:5
**above-entitled** [1] - 26:19
**absolutely** [5] - 5:18, 7:6, 7:12, 9:23, 10:16
**absurd** [3] - 5:16, 6:18, 6:19
**abuse** [4] - 7:4, 12:20, 22:25, 24:24
**accordance** [1] - 15:22
**account** [1] - 4:24
**accused** [1] - 20:15
**acted** [1] - 22:18
**acting** [6] - 15:7, 15:9, 15:17, 16:1, 23:13, 24:5
**Action** [1] - 3:7
**action** [15] - 4:13, 4:16, 7:2, 7:3, 8:6, 8:16, 10:12, 11:11, 19:13, 19:17, 20:4, 24:6, 24:13, 24:18, 25:3
**actions** [1] - 7:8
**actual** [1] - 10:1
**add** [1] - 21:4
**addition** [1] - 6:1
**affirmed** [3] - 7:10, 7:12, 22:1
**agree** [1] - 6:14
**air** [1] - 15:3
**al** [1] - 3:8
**allegation** [1] - 15:5

**allegations** [1] - 24:11
**allege** [1] - 16:14
**alleged** [6] - 9:4, 12:6, 15:10, 20:21, 22:21, 22:22
**alleging** [4] - 16:21, 20:11, 21:15, 22:25
**allowed** [2] - 13:25, 14:23
**allows** [1] - 11:4
**almost** [1] - 19:22
**alone** [1] - 9:25
**amended** [3] - 19:13, 20:7
**amending** [1] - 8:14
**amount** [2] - 5:6, 9:24
**AMY** [1] - 1:17
**Amy** [1] - 3:18
**analysis** [1] - 23:18
**Andrews** [19] - 3:20, 6:1, 6:2, 6:6, 7:14, 7:18, 8:21, 10:3, 12:14, 12:16, 18:9, 21:4, 21:13, 22:7, 22:22, 23:4, 25:1, 25:8, 25:21
**ANDREWS** [35] - 1:7, 1:8, 1:23, 1:23, 3:20, 12:17, 12:23, 13:4, 13:11, 13:18, 13:23, 14:14, 15:6, 16:2, 16:7, 16:11, 16:16, 16:22, 17:11, 17:16, 17:21, 17:23, 18:12, 18:18, 18:23, 19:1, 19:3, 19:6, 19:9, 19:25, 20:4, 20:14, 20:17, 20:23, 21:5
**Andrews'** [1] - 22:22
**answer** [3] - 9:22, 19:2, 21:10
**answered** [1] - 13:21
**appealed** [1] - 21:25
**Appeals** [1] - 24:16
**appeals** [1] - 5:11
**APPEARANCES** [1] - 1:14
**appearances** [1] - 3:12
**application** [1] - 7:15
**apply** [2] - 9:14, 9:15
**applying** [3] - 9:18, 11:25, 12:1
**approved** [1] - 8:9
**approving** [1] - 8:6
**argue** [2] - 3:22, 7:9
**argued** [1] - 24:4
**argues** [1] - 9:21
**arguing** [2] - 23:5, 25:13

**argument** [7] - 8:16, 8:24, 12:13, 18:24, 19:22, 20:2, 21:18
**arguments** [2] - 23:8
**arise** [1] - 24:17
**arises** [2] - 12:25, 21:6
**arose** [1] - 10:13
**arrest** [1] - 14:21
**ARTS** [2] - 1:8, 1:23
**aside** [1] - 21:13
**assassination** [1] - 6:21
**assert** [2] - 14:23, 15:24
**asserted** [1] - 8:22
**association** [3] - 6:4, 7:22, 10:22
**assume** [2] - 11:18, 17:12
**assuming** [2] - 13:21, 22:7
**attack** [1] - 4:19
**attacks** [1] - 6:7
**attempt** [1] - 23:1
**attempted** [1] - 24:2
**attempts** [1] - 10:3
**Attorney** [1] - 21:7
**attorney** [2] - 11:9, 16:1
**attorney's** [2] - 5:13, 25:12
**available** [1] - 11:23
**AVENUE** [1] - 1:20
**avoid** [1] - 4:14
**award** [1] - 25:11
**aware** [1] - 4:14
**awfully** [1] - 24:19

## B

**B406** [1] - 2:5
**background** [1] - 24:9
**banc** [1] - 16:12
**Bank** [1] - 17:15
**bar** [3] - 6:4, 7:22, 10:22
**BARBIER** [1] - 1:12
**barred** [3] - 19:15, 20:24, 20:25
**based** [5] - 9:6, 12:19, 14:16, 19:4, 19:9
**baseless** [3] - 22:10, 25:22, 25:23
**bases** [1] - 20:11
**basic** [1] - 20:11
**basis** [4] - 15:4, 17:3, 17:4, 17:19
**BEFORE** [1] - 1:12
**began** [1] - 4:17

**begin** [2] - 7:21, 9:22
**behalf** [6] - 3:15, 3:20, 3:22, 12:24, 21:11, 21:13
**behind** [1] - 22:19
**bench** [1] - 22:5
**benefit** [1] - 22:7
**Berg** [2] - 10:10, 24:9
**best** [1] - 26:17
**between** [2] - 6:11, 9:23
**beyond** [2] - 16:19, 25:1
**big** [1] - 22:6
**bit** [1] - 3:10
**BRANIGHAN** [1] - 1:7
**brief** [3] - 10:4, 17:23, 18:3
**bringing** [2] - 20:6, 20:23
**brought** [2] - 6:1, 21:7
**build** [1] - 15:20
**built** [1] - 15:21
**BY** [6] - 1:16, 1:19, 1:23, 2:1, 2:7, 2:8

## C

**CALLED** [1] - 3:4
**calm** [1] - 6:11
**Cammer** [4] - 10:21, 10:25, 23:18, 23:19
**capable** [1] - 22:20
**capacity** [2] - 23:14, 24:5
**CARL** [1] - 1:12
**case** [62] - 4:10, 4:12, 4:13, 6:10, 6:15, 6:17, 7:6, 7:17, 8:3, 8:9, 8:11, 8:19, 8:22, 9:5, 10:11, 10:13, 10:20, 10:21, 10:23, 10:25, 11:15, 11:19, 11:20, 11:22, 12:7, 12:18, 13:6, 13:11, 13:12, 13:21, 13:22, 13:23, 14:10, 14:25, 16:3, 16:7, 16:21, 17:5, 17:7, 17:13, 17:14, 17:17, 17:22, 17:25, 21:6, 21:19, 21:21, 21:23, 21:25, 22:3, 23:10, 23:14, 23:17, 23:18, 23:24, 24:8, 24:10, 24:15, 24:21, 25:6, 25:9
**cases** [10] - 4:4, 6:4, 10:9, 14:14, 14:16, 15:7, 17:6, 19:23,

23:10
**Cathy** [2] - 26:13, 26:23
**CATHY** [1] - 2:5
**causes** [6] - 4:13, 4:15, 7:2, 7:3, 8:16, 25:3
**CCR** [2] - 2:5, 26:23
**certainly** [3] - 12:7, 14:3, 22:8
**CERTIFICATE** [1] - 26:11
**Certified** [2] - 26:13, 26:14
**certify** [1] - 26:16
**cetera** [1] - 8:20
**change** [3] - 7:25, 10:19, 12:11
**changed** [2] - 20:9, 20:22
**changes** [1] - 20:16
**character** [1] - 6:21
**charge** [1] - 10:14
**charges** [1] - 10:23
**CHARLES** [1] - 1:20
**circuit** [1] - 24:15
**Circuit** [16] - 5:11, 7:10, 7:13, 8:6, 8:9, 9:9, 10:16, 13:12, 13:19, 13:23, 22:1, 22:2, 22:11, 24:10, 24:21
**cite** [2] - 17:16, 17:23
**cited** [3] - 10:9, 11:20
**citing** [1] - 11:14
**City** [3] - 4:18, 21:8, 21:10
**civil** [1] - 19:9
**Civil** [2] - 3:7, 8:14
**CIVIL** [1] - 1:4
**claim** [12] - 8:5, 9:19, 9:24, 12:19, 16:23, 17:24, 18:4, 18:14, 19:4, 21:22, 24:17, 25:22
**Claim** [1] - 17:18
**claims** [16] - 7:6, 7:21, 8:3, 9:13, 15:15, 17:2, 18:15, 18:22, 19:14, 20:6, 20:7, 21:23, 21:24, 23:2, 25:3
**clear** [2] - 5:21, 23:9
**clearly** [2] - 11:19, 11:25
**CLERK** [1] - 3:7
**client** [1] - 21:14
**clients** [3] - 6:24, 8:22, 22:23
**close** [3] - 22:12, 24:8,

24:19
**closest** [1] - 24:9
**COLISEUM** [1] - 1:24
**collect** [1] - 4:23
**collected** [1] - 5:22
**collection** [1] - 4:18
**colorable** [2] - 16:20, 25:2
**COLUMBIA** [1] - 1:17
**comment** [1] - 22:12
**common** [1] - 14:24
**community** [1] - 7:23
**competent** [1] - 18:7
**complaint** [1] - 19:13
**COMPUTER** [1] - 2:8
**concerned** [1] - 22:10
**conclude** [1] - 24:23
**concluded** [1] - 26:5
**conclusion** [1] - 20:3
**conjunction** [2] - 21:16, 25:12
**connection** [2] - 5:3, 20:13
**considered** [2] - 23:15, 24:23
**contained** [1] - 8:13
**contempt** [4] - 11:1, 11:2, 11:5, 23:22
**context** [1] - 15:16
**continuing** [1] - 22:23
**continuous** [1] - 6:6
**contractor** [11] - 14:16, 14:17, 14:25, 15:1, 15:7, 15:16, 15:17, 15:21, 15:22, 15:24
**controversy** [1] - 9:24
**correct** [5] - 5:2, 5:5, 24:7, 26:17
**costs** [3] - 25:9, 25:12, 25:24
**counsel** [2] - 3:9, 3:12
**Counsel** [1] - 26:2
**COUNTER** [1] - 2:1
**counterclaims** [1] - 19:12
**COURT** [61] - 1:1, 2:5, 3:4, 3:9, 3:22, 3:25, 4:22, 4:25, 5:3, 5:6, 5:9, 5:13, 5:16, 5:22, 6:17, 6:19, 7:10, 7:14, 8:18, 9:6, 9:8, 9:11, 10:25, 11:2, 11:4, 11:8, 12:13, 12:16, 12:18, 12:24, 13:5, 13:15, 13:20, 14:1, 14:18, 15:9, 16:4, 16:9, 16:12, 16:17, 16:25, 17:12, 17:17, 17:22, 18:5,

18:13, 18:19, 18:24, 19:2, 19:5, 19:7, 19:18, 20:2, 20:9, 20:15, 20:20, 21:1, 21:6, 22:17, 25:11, 25:21
**court** [98] - 4:3, 4:13, 4:14, 4:15, 5:10, 7:2, 7:3, 7:21, 7:25, 8:5, 8:20, 8:25, 9:13, 9:14, 9:16, 9:17, 9:18, 9:22, 10:2, 10:4, 10:7, 10:8, 10:11, 10:13, 10:14, 10:17, 10:18, 11:2, 11:10, 11:12, 11:13, 11:16, 11:17, 11:19, 11:21, 11:23, 12:2, 12:5, 12:11, 12:21, 13:2, 13:8, 13:24, 14:1, 14:2, 14:3, 14:4, 14:21, 14:22, 15:10, 15:15, 16:2, 16:11, 16:12, 16:18, 17:1, 17:3, 17:7, 17:8, 18:6, 18:7, 18:17, 18:20, 19:11, 19:19, 19:20, 19:21, 19:24, 20:13, 20:22, 21:2, 22:25, 23:4, 23:15, 23:21, 23:22, 23:24, 24:3, 24:5, 24:6, 24:11, 24:13, 24:14, 24:15, 24:22, 24:25, 25:4, 26:1
**Court** [34] - 4:13, 4:14, 4:18, 5:11, 7:7, 7:15, 8:9, 8:14, 9:2, 9:17, 11:14, 11:15, 12:11, 16:5, 17:14, 17:18, 18:10, 20:21, 21:8, 21:11, 21:14, 21:18, 21:21, 22:2, 23:19, 23:20, 24:16, 24:20, 25:22, 26:14, 26:15, 26:16, 26:24, 26:25
**Court's** [1] - 8:5
**Courts** [1] - 23:15
**courts** [2] - 13:9, 14:12
**COVINGTON** [1] - 1:18
**crazy** [1] - 14:11
**create** [1] - 17:25
**criminal** [1] - 21:16
**CRR** [2] - 2:5, 26:23
**cry** [3] - 13:16, 14:2, 14:6

**D**

**damage** [1] - 10:1
**DAVID** [1] - 1:9
**days** [2] - 25:15, 25:16
**DDS** [1] - 1:9
**debt** [1] - 4:18
**decided** [2] - 24:20, 24:24
**defamation** [9] - 5:10, 7:4, 7:25, 8:7, 8:20, 12:20, 20:4, 22:25, 24:24
**default** [1] - 21:9
**defend** [1] - 6:1
**DEFENDANT** [2] - 1:23, 2:1
**defendant** [5] - 10:21, 13:1, 22:3, 24:13, 24:14
**defendant's** [1] - 22:3
**defendants** [2] - 3:21, 12:24
**defendants'** [1] - 19:12
**defended** [1] - 10:10
**defending** [1] - 24:10
**defense** [22] - 7:9, 9:3, 9:12, 11:23, 12:4, 12:6, 14:16, 14:17, 14:24, 15:1, 15:16, 15:24, 16:21, 16:22, 17:2, 17:24, 18:4, 18:5, 18:6, 19:12, 25:2
**defenses** [5] - 8:18, 8:21, 9:4, 9:18
**demand** [3] - 7:18, 19:14, 20:6
**demands** [3] - 20:18, 20:20
**denied** [1] - 22:2
**denying** [1] - 22:11
**DEPUTY** [1] - 3:7
**designed** [1] - 15:21
**DEUTSCH** [1] - 2:1
**difficult** [2] - 6:15, 6:17
**direct** [1] - 16:7
**directing** [6] - 15:11, 15:25, 16:4, 16:6, 16:10, 16:13
**directions** [2] - 15:17, 15:23
**disciplinary** [6] - 10:23, 10:24, 11:11, 11:12, 24:3, 24:6
**dismiss** [2] - 21:19, 21:20

**dismissal** [3] - 8:6, 8:10, 22:1
**dismissed** [7] - 6:5, 7:8, 8:9, 18:14, 18:15, 21:22, 21:23
**distress** [2] - 7:5, 8:2
**District** [4] - 8:14, 26:15, 26:16, 26:25
**DISTRICT** [3] - 1:1, 1:1, 1:12
**district** [2] - 23:24, 24:15
**diversity** [1] - 9:23
**divorce** [1] - 5:4
**DOCKET** [1] - 1:4
**documented** [1] - 25:14
**domestic** [1] - 21:17
**done** [4] - 12:9, 15:10, 16:25, 24:2
**doubt** [1] - 22:7
**DOUGLAS** [2] - 1:4, 1:19
**Douglas** [6] - 3:7, 3:15, 3:16, 4:2, 4:8, 21:7
**down** [1] - 3:10
**duties** [3] - 11:6, 14:20, 14:22

**E**

**Eastern** [1] - 26:16
**EASTERN** [1] - 1:1
**EDW** [2] - 1:7, 1:23
**effect** [1] - 10:6
**effort** [1] - 7:1
**either** [1] - 22:13
**element** [2] - 20:24, 24:17
**emotional** [2] - 7:5, 8:2
**empowering** [1] - 23:21
**en** [1] - 16:12
**end** [2] - 6:7, 7:21
**ended** [1] - 4:21
**engaged** [2] - 14:20, 21:16
**entered** [2] - 21:9, 21:11
**enterprise** [1] - 21:16
**entire** [3] - 16:11, 16:12, 16:18
**entitled** [2] - 15:23, 26:19
**escalated** [1] - 4:18
**ESQUIRE** [6] - 1:16, 1:17, 1:19, 1:20,

1:23, 2:1
**et** [2] - 3:8, 8:20
**everywhere** [1] - 7:22
**exact** [1] - 7:20
**exactly** [2] - 11:7, 22:4
**example** [2] - 14:21, 15:19
**excuse** [1] - 4:6
**executing** [1] - 14:20

### F

**face** [1] - 12:19
**fact** [9] - 8:8, 8:10, 9:7, 9:8, 10:18, 11:20, 16:19, 16:24, 17:1
**facts** [3] - 8:4, 8:13, 20:11
**factual** [1] - 24:9
**failed** [1] - 21:21
**familiar** [1] - 4:9
**fan** [1] - 22:6
**far** [5] - 13:16, 14:2, 14:6, 18:9, 22:10
**farfetched** [2] - 14:8, 23:11
**federal** [94] - 4:14, 5:9, 7:6, 7:7, 8:7, 8:11, 9:3, 9:22, 9:24, 10:2, 10:7, 10:11, 10:13, 10:14, 10:15, 10:19, 11:2, 11:4, 11:10, 11:12, 11:13, 11:23, 12:1, 12:2, 12:6, 12:8, 12:12, 12:21, 12:25, 13:3, 13:5, 13:8, 14:2, 14:3, 14:5, 14:12, 14:15, 14:17, 14:18, 14:19, 14:24, 14:25, 15:7, 15:9, 15:11, 15:16, 15:18, 15:24, 16:6, 16:9, 16:20, 16:22, 17:3, 17:4, 17:8, 17:19, 17:24, 18:10, 18:11, 18:14, 18:21, 18:25, 19:16, 19:19, 19:21, 19:24, 21:3, 21:14, 21:23, 23:5, 23:6, 23:7, 23:15, 23:21, 24:3, 24:5, 24:6, 24:11, 24:12, 24:13, 24:17, 25:1, 25:2, 25:3, 25:4, 25:7, 26:1
**fees** [12] - 4:23, 5:6, 5:13, 5:22, 5:25, 9:25, 21:8, 22:15, 25:9, 25:12, 25:14,

25:24
**felt** [1] - 6:10
**few** [1] - 20:10
**Fifth** [12] - 5:11, 7:10, 7:13, 8:6, 8:9, 9:9, 13:12, 22:1, 22:2, 22:11, 24:21
**figure** [1] - 21:2
**file** [8] - 9:21, 15:11, 15:12, 16:5, 16:7, 16:13, 25:12, 25:21
**filed** [19] - 4:4, 6:12, 7:2, 7:18, 8:14, 8:15, 10:2, 10:12, 11:10, 15:12, 16:5, 20:18, 21:14, 22:24, 25:15, 25:16, 25:22, 25:23
**filing** [6] - 19:14, 20:17, 22:9, 23:3, 23:12, 26:1
**first** [5] - 6:12, 8:16, 13:6
**First** [5] - 4:17, 13:18, 13:23, 21:7, 21:10
**Florida** [2] - 23:24
**folks** [1] - 3:11
**footnote** [1] - 13:13
**FOR** [3] - 1:16, 1:23, 2:1
**foregoing** [1] - 26:17
**formally** [1] - 6:14
**forward** [1] - 3:25
**frankly** [2] - 4:12, 22:5
**fully** [1] - 18:7
**future** [1] - 12:10

### G

**generally** [1] - 15:23
**Germain** [5] - 3:8, 4:25, 21:8, 21:10, 21:13
**GERMAIN** [1] - 1:6
**given** [1] - 12:2
**government** [3] - 3:9, 12:3, 15:19
**government's** [1] - 15:22
**grant** [1] - 25:6
**grounds** [2] - 12:21, 17:10
**grow** [1] - 5:17
**grown** [1] - 22:18
**grown-ups** [1] - 22:18
**guess** [1] - 14:5

### H

**handles** [1] - 23:14
**hard** [1] - 23:10
**hear** [3] - 12:14, 15:4, 19:7
**HEARD** [1] - 1:12
**hearing** [2] - 4:1, 21:18
**held** [9] - 10:21, 10:23, 11:2, 17:18, 17:24, 21:21, 23:20, 23:25, 24:16
**hereby** [1] - 26:16
**Herron** [1] - 13:12
**HILLARY** [1] - 1:6
**himself** [2] - 10:10, 24:11
**hire** [1] - 15:20
**holding** [1] - 13:16
**holds** [2] - 13:6, 13:11
**Honor** [34] - 3:14, 3:24, 4:6, 6:2, 6:9, 7:3, 8:8, 9:12, 12:15, 12:17, 12:23, 13:4, 13:18, 13:23, 14:14, 15:6, 16:3, 16:8, 16:16, 17:11, 17:16, 17:21, 18:12, 18:18, 18:23, 19:3, 19:25, 20:14, 21:5, 22:16, 25:10, 25:19, 25:20, 26:3
**HONORABLE** [1] - 1:12
**hoping** [1] - 14:9
**HOWARD** [7] - 1:4, 1:16, 1:19, 1:19, 3:16, 5:24, 25:20
**Howard** [20] - 3:8, 3:15, 3:16, 4:8, 4:20, 4:25, 5:22, 6:3, 6:23, 7:20, 8:15, 19:1, 20:10, 21:7, 21:11, 21:15, 22:3, 22:24, 25:11
**Howard's** [4] - 4:2, 5:21, 8:19, 15:15

### I

**immunity** [3] - 12:2, 14:24, 14:25
**implies** [1] - 13:6
**implying** [1] - 13:16
**important** [1] - 8:23
**imposing** [1] - 25:24
**imposition** [1] - 25:9

**impossible** [1] - 6:8
**include** [1] - 19:14
**indicates** [1] - 23:17
**infliction** [2] - 7:5, 8:1
**information** [2] - 6:3, 6:23
**integrity** [1] - 4:20
**intention** [1] - 5:21
**intentional** [2] - 7:4, 8:1
**interject** [1] - 6:11
**interpret** [1] - 14:15
**involved** [4] - 5:7, 6:10, 10:19, 19:24
**involves** [2] - 4:12, 10:15
**irrelevant** [1] - 7:16
**issue** [4] - 10:17, 11:18, 12:11, 25:16
**issues** [1] - 10:19

### J

**Joanne** [1] - 3:17
**JOANNE** [1] - 2:1
**Jonathan** [1] - 3:19
**JONATHAN** [1] - 1:20
**Jones** [1] - 13:24
**Jr** [3] - 3:8, 3:15, 3:16
**JR** [2] - 1:4, 1:19
**judge** [2] - 4:9, 5:20, 8:3, 11:5, 23:1
**JUDGE** [1] - 1:12
**Judge** [2] - 4:12, 5:15
**judgment** [7] - 17:3, 17:9, 17:19, 21:11, 21:12, 21:20, 22:14
**judicata** [6] - 9:5, 9:6, 9:15, 9:16, 16:24, 17:2
**JUNE** [2] - 1:5, 3:2
**jurisdiction** [13] - 8:11, 9:3, 10:2, 12:8, 17:4, 17:20, 18:11, 18:21, 18:22, 21:3, 23:5, 25:5, 25:7
**jurisprudence** [1] - 17:13

### K

**KERRIGAN** [1] - 2:1
**known** [1] - 19:15

### L

**LA** [5] - 1:18, 1:21, 1:24, 2:2, 2:6

**lack** [1] - 25:6
**largely** [1] - 23:9
**lastly** [1] - 25:3
**law** [12] - 9:14, 10:5, 10:6, 10:8, 12:1, 12:19, 12:25, 13:17, 18:10, 18:15, 19:20, 19:23, 21:17, 21:24, 23:17, 24:17
**LAW** [2] - 1:8, 1:23
**laws** [3] - 9:16, 12:20, 24:12
**lawsuit** [8] - 7:18, 17:1, 20:12, 21:10, 21:15, 22:25, 23:4, 25:4
**lawsuits** [1] - 5:10
**lawyer** [12] - 10:25, 11:15, 13:7, 14:2, 14:6, 14:11, 19:18, 19:24, 23:13, 23:20, 23:25, 24:2
**lawyers** [1] - 22:6
**lead** [2] - 19:22, 20:3
**leads** [1] - 24:22
**learned** [1] - 17:1
**Leason** [1] - 24:9
**led** [1] - 24:3
**legal** [8] - 4:23, 5:3, 5:6, 9:25, 19:20, 20:10, 21:8, 22:15
**legally** [2] - 24:18, 24:21
**LESLEY** [1] - 1:6
**Leslie** [1] - 3:8
**levity** [1] - 6:11
**licensed** [1] - 10:6
**life** [1] - 6:13
**line** [1] - 14:14
**LLC** [2] - 1:8, 1:23
**LLP** [1] - 2:1
**local** [1] - 10:22
**logical** [1] - 20:3
**look** [3] - 9:20, 10:18, 23:18
**looked** [2] - 20:5, 22:21
**LOUISIANA** [2] - 1:1, 1:5
**Louisiana** [2] - 17:15, 26:16
**ludicrous** [1] - 8:8

### M

**MAGAZINE** [1] - 2:2
**main** [4] - 4:4, 17:13, 19:13, 19:17
**maintain** [1] - 9:3

**malicious** [1] - 7:4, 8:1, 8:20, 10:11, 10:12, 10:15, 12:20, 23:1, 24:14, 24:16, 24:23
**malpractice** [2] - 6:24, 19:20
**man** [1] - 6:13
**mark** [1] - 3:20
**MARK** [2] - 1:7, 1:23
**matter** [4] - 4:2, 4:8, 6:7, 20:25, 24:24, 25:7, 26:19
**mean** [6] - 5:18, 14:4, 14:8, 15:2, 20:11, 24:2
**means** [1] - 22:13
**MECHANICAL** [1] - 2:7
**MELISSA** [1] - 1:7
**Merit** [1] - 26:14
**mess** [1] - 22:19
**met** [3] - 6:13, 6:14, 12:7
**might** [1] - 22:23
**minutia** [1] - 8:4
**misbehavior** [1] - 23:22
**morning** [5] - 3:14, 4:1, 4:7, 4:8, 6:14
**most** [1] - 14:16
**mostly** [1] - 15:7
**motion** [10] - 4:1, 6:12, 21:20, 22:3, 25:6, 25:13, 25:14, 25:16
**Motion** [1] - 4:2
**motions** [1] - 21:19
**move** [3] - 3:10, 16:19, 18:8
**movers** [1] - 3:23
**MR** [35] - 3:16, 3:19, 3:20, 5:24, 12:17, 12:23, 13:4, 13:11, 13:18, 13:23, 14:14, 15:6, 16:2, 16:7, 16:11, 16:16, 16:22, 17:11, 17:16, 17:21, 17:23, 18:12, 18:18, 18:23, 19:1, 19:3, 19:6, 19:9, 19:25, 20:4, 20:14, 20:17, 20:23, 21:5, 25:20
**MS** [30] - 3:14, 3:17, 3:18, 3:24, 4:6, 4:24, 5:2, 5:5, 5:8, 5:12, 5:15, 5:20, 5:25, 6:18, 6:21, 7:12, 7:16, 8:23, 9:7, 9:10, 9:12, 11:1, 11:3,

11:7, 11:9, 12:15, 22:16, 25:10, 25:19, 26:3

## N

**name** [2] - 4:7, 16:9
**named** [1] - 13:1
**need** [1] - 5:17
**needing** [1] - 25:12
**needs** [1] - 10:17
**negligent** [1] - 7:5
**never** [1] - 6:13
**NEW** [5] - 1:5, 1:21, 1:24, 2:2, 2:6
**new** [1] - 8:12
**nice** [1] - 22:17
**Ninth** [2] - 10:16, 24:10
**NO** [1] - 1:4
**nobody** [1] - 23:12
**normally** [2] - 19:10, 19:11
**nothing** [2] - 12:9, 12:10
**notion** [3] - 14:9, 14:11, 15:3
**novel** [1] - 10:5
**number** [2] - 17:6, 23:10
**numbered** [1] - 26:19
**numerous** [1] - 6:4

## O

**occasions** [1] - 6:4
**OF** [2] - 1:1, 1:11
**officer** [39] - 8:24, 8:25, 10:4, 10:7, 10:8, 11:5, 11:16, 11:17, 11:19, 11:21, 11:22, 12:1, 12:5, 13:2, 13:3, 13:5, 13:8, 14:5, 14:12, 14:15, 14:19, 14:25, 15:9, 15:11, 15:18, 16:2, 16:6, 16:9, 16:20, 16:23, 23:6, 23:15, 23:21, 24:1, 24:4, 25:1
**officers** [2] - 15:8, 23:22
**official** [4] - 11:6, 14:20, 14:22, 23:23
**Official** [2] - 26:15, 26:24
**OFFICIAL** [1] - 2:5
**one** [15] - 4:20, 10:9, 12:24, 14:10, 14:15,

14:24, 15:6, 15:25, 19:5, 19:7, 19:9, 19:10, 23:11, 24:8, 24:17
**ongoing** [6] - 4:19, 6:6, 6:21, 7:22, 7:25, 8:1
**open** [1] - 4:24
**opposition** [1] - 25:15
**order** [3] - 9:3, 17:9, 25:13
**ORDER** [1] - 3:4
**original** [5] - 8:12, 8:13, 10:2, 18:15, 20:4, 20:12
**originally** [1] - 21:7
**ORLEANS** [5] - 1:5, 1:21, 1:24, 2:2, 2:6
**ostensibly** [1] - 12:19

## P

**paid** [3] - 5:25, 22:15
**part** [3] - 9:1, 16:22, 19:16
**parties** [2] - 6:11, 9:23
**past** [1] - 4:10
**pending** [1] - 7:14
**people** [2] - 15:7, 17:6
**PEPPER** [1] - 2:5
**Pepper** [3] - 26:13, 26:22, 26:23
**peremption** [1] - 9:15
**performing** [1] - 14:22
**perhaps** [1] - 6:7
**personal** [1] - 4:19
**pertains** [1] - 13:1
**Peters** [1] - 3:19
**PETERS** [2] - 1:20, 3:19
**petition** [4] - 8:12, 8:13, 8:15, 20:7
**Pinetta** [1] - 13:24
**PLAINTIFF** [1] - 1:16
**plaintiff** [3] - 4:15, 24:12, 24:13
**Plaintiff's** [1] - 4:2
**plaintiffs** [3] - 7:2, 21:21, 21:25
**plaintiffs/counter** [1] - 19:12
**plaintiffs/counter-defendants'** [1] - 19:12
**plans** [1] - 15:19
**plausible** [2] - 22:8, 23:8
**plead** [2] - 16:14
**pleadings** [4] - 12:5,

15:11, 15:12, 16:13
**pleasure** [1] - 4:7
**pled** [1] - 25:3
**plenty** [3] - 10:5, 17:13, 23:17
**point** [5] - 4:19, 4:21, 21:9, 22:18, 23:11
**posted** [1] - 6:2
**POYDRAS** [1] - 2:5
**practice** [7] - 10:6, 10:22, 11:16, 13:7, 14:7, 21:17, 23:14
**practices** [1] - 13:8
**precisely** [1] - 23:10
**preclusion** [4] - 16:23, 17:18, 17:24, 18:4
**prejudgment** [1] - 15:14
**prejudice** [4] - 18:14, 18:16, 21:23, 21:24
**prematurity** [3] - 9:5, 9:17
**prescription** [3] - 9:5, 9:14
**pretty** [1] - 24:8
**prevent** [1] - 11:25
**previously** [1] - 7:8
**private** [6] - 10:22, 13:7, 14:2, 14:6, 14:7, 14:11, 16:1, 23:13, 23:14
**pro** [2] - 3:16, 3:20
**proceed** [2] - 4:5, 5:19
**proceeding** [1] - 11:12
**proceedings** [3] - 24:4, 26:4, 26:18
**PROCEEDINGS** [3] - 1:11, 2:7, 3:1
**process** [4] - 7:4, 12:20, 22:25, 24:24
**PRODUCED** [1] - 2:8
**professional** [1] - 4:20
**Professional** [1] - 26:14
**proof** [1] - 24:18
**proper** [3] - 9:21, 17:10, 23:18
**properly** [1] - 25:14
**prosecution** [10] - 7:4, 8:1, 8:20, 10:12, 10:15, 12:20, 23:1, 24:14, 24:16, 24:23
**provide** [1] - 17:19
**provides** [1] - 18:13
**provision** [1] - 13:3
**pulled** [1] - 15:3
**punish** [1] - 23:22
**pure** [1] - 12:19
**purely** [1] - 4:12
**purpose** [1] - 14:18

**purposes** [4] - 13:9, 14:13, 23:16, 24:1
**pursuant** [1] - 15:17
**put** [1] - 22:18

## Q

**quote** [1] - 13:2
**quoted** [1] - 18:2

## R

**racketeering** [5] - 10:11, 10:14, 21:15, 21:16, 24:12
**raise** [1] - 18:6
**raised** [1] - 25:2
**reach** [2] - 13:13, 13:15
**read** [2] - 4:3, 4:4
**reading** [1] - 18:2
**realleged** [1] - 7:19
**really** [5] - 7:16, 7:24, 8:15, 9:18, 20:9
**Realtime** [1] - 26:13
**reason** [3] - 6:9, 17:18, 22:19
**reasonable** [1] - 25:11
**reasons** [2] - 23:9, 25:5
**recited** [1] - 8:15
**reconventional** [6] - 7:18, 19:14, 20:6, 20:18, 20:20
**record** [1] - 26:18
**RECORDED** [1] - 2:7
**REED** [31] - 1:16, 1:16, 1:19, 3:14, 3:24, 4:6, 4:24, 5:2, 5:5, 5:8, 5:12, 5:15, 5:20, 5:25, 6:18, 6:21, 7:12, 7:16, 8:23, 9:7, 9:10, 9:12, 11:1, 11:3, 11:7, 11:9, 12:15, 22:16, 25:10, 25:19, 26:3
**Reed** [4] - 3:14, 3:24, 4:5, 4:7
**reed** [1] - 3:25
**refile** [1] - 18:16
**refused** [1] - 24:15
**regardless** [1] - 7:19
**Regions** [1] - 17:15
**Registered** [2] - 26:13, 26:14
**regurgitated** [1] - 20:21
**related** [2] - 17:8,

17:10
**relying** [1] - 4:15
**remand** [3] - 24:16, 25:6, 25:13
**Remand** [1] - 4:2
**remanding** [1] - 25:6
**remember** [1] - 21:19
**removability** [1] - 17:25
**removable** [5] - 10:20, 19:21, 20:5, 25:4
**removal** [15] - 8:17, 13:3, 13:5, 13:9, 14:13, 14:15, 14:19, 16:23, 17:10, 17:19, 23:6, 23:7, 23:16, 24:1, 25:23
**remove** [11] - 8:19, 10:13, 11:11, 13:3, 13:25, 14:6, 14:23, 17:4, 17:7, 24:2, 24:6
**removed** [5] - 12:18, 12:21, 19:23, 23:4, 24:14
**removing** [2] - 8:19
**rendered** [1] - 17:9
**reply** [2] - 10:4, 18:3
**Reporter** [6] - 26:13, 26:14, 26:15, 26:24
**reporter** [3] - 13:24, 14:1, 14:3
**REPORTER** [1] - 2:5
**REPORTER'S** [1] - 26:11
**reporting** [1] - 14:1
**representing** [1] - 4:8
**reputation** [1] - 4:20
**request** [1] - 25:8
**required** [1] - 24:18
**res** [6] - 9:5, 9:6, 9:15, 9:16, 16:24, 17:2
**research** [2] - 16:25, 25:25
**response** [1] - 18:3
**rest** [1] - 3:21
**result** [1] - 23:3
**retaliation** [1] - 22:24
**RICO** [18] - 5:10, 7:8, 7:20, 7:21, 8:3, 8:6, 8:9, 15:12, 18:14, 19:9, 20:12, 21:14, 21:21, 21:22, 21:25, 22:9, 24:21, 25:22
**ridiculous** [2] - 5:18, 14:9
**RINARDO** [2] - 2:1, 3:17
**Rinardo** [1] - 3:17
**Rivet** [5] - 17:14,

17:24, 17:25, 18:2
**RIVET** [1] - 17:14
**RMR** [2] - 2:5, 26:23
**ROOM** [1] - 2:5
**room** [1] - 3:10
**ROSE** [1] - 1:6
**ruling** [4] - 17:9, 18:7, 22:5, 25:16

## S

**s/Cathy** [1] - 26:22
**saga** [1] - 4:17
**sanction** [2] - 9:8, 9:9
**sanctioned** [1] - 22:9
**sanctioning** [2] - 22:6, 22:8
**sanctions** [4] - 6:12, 22:4, 22:12, 25:9
**SCIENCES** [2] - 1:8, 1:23
**se** [2] - 3:16, 3:20
**second** [1] - 9:1
**secondly** [1] - 13:1
**Section** [2] - 18:1, 18:12
**security** [1] - 24:12
**see** [5] - 4:23, 12:21, 20:9, 20:22, 21:3
**seeking** [1] - 21:8
**sent** [2] - 10:16, 11:13
**set** [2] - 8:13, 21:13
**seven** [1] - 25:16
**several** [1] - 10:9
**SHAWN** [1] - 1:16
**Shawn** [3] - 3:14, 3:24, 4:7
**SHIMEK** [1] - 23:25
**Shimek** [3] - 10:23, 11:9, 23:25
**show** [1] - 15:17
**side** [1] - 22:19
**sides** [2] - 5:16, 5:17
**similar** [1] - 10:10
**Simmons** [1] - 3:8
**SIMMONS** [2] - 1:6, 1:9
**simply** [1] - 24:17
**single** [3] - 13:6, 13:21, 14:10
**sit** [1] - 3:11
**site** [4] - 6:3, 6:22, 7:23, 22:22
**slew** [1] - 19:23
**small** [1] - 8:4
**SMITH** [1] - 1:6
**so-called** [2] - 13:3, 23:6
**solely** [1] - 7:3

**somewhat** [1] - 4:9
**somewhere** [1] - 15:3
**sorry** [1] - 18:3
**sort** [3] - 12:2, 14:11, 18:20
**sought** [1] - 11:11
**sounds** [2] - 13:22, 20:10
**specifically** [1] - 8:16
**specifications** [1] - 8:16
**ST** [3] - 1:6, 1:20, 2:2
**St** [5] - 3:8, 4:25, 21:8, 21:10, 21:13
**start** [1] - 25:25
**started** [4] - 4:23, 11:13
**state** [53] - 4:3, 4:13, 4:15, 5:10, 7:2, 7:3, 7:20, 7:25, 8:5, 8:20, 9:13, 9:14, 9:15, 9:16, 9:17, 9:18, 10:17, 11:10, 11:25, 12:19, 14:4, 14:21, 14:22, 15:15, 17:1, 17:7, 18:6, 18:7, 18:15, 18:17, 18:19, 19:11, 19:19, 19:20, 19:23, 20:13, 20:22, 21:2, 21:22, 21:24, 22:25, 23:4, 24:3, 24:6, 24:14, 24:22, 24:25, 25:4
**States** [9] - 11:5, 13:8, 14:12, 17:14, 23:16, 23:19, 23:20, 26:15, 26:25
**STATES** [2] - 1:1, 1:12
**status** [1] - 4:22
**statute** [14] - 11:4, 13:6, 13:9, 13:10, 13:25, 14:13, 14:19, 18:13, 23:6, 23:7, 23:16, 23:21, 24:1
**statutes** [1] - 14:15
**STENOGRAPHY** [1] - 2:7
**STILES** [1] - 2:1
**still** [3] - 6:14, 7:20, 9:13
**stolen** [1] - 6:24
**stop** [4] - 6:2, 6:6, 7:1, 25:24
**stopped** [1] - 6:22
**STREET** [3] - 1:17, 1:24, 2:5
**stronger** [1] - 19:10
**strongly** [1] - 25:25
**subject** [3] - 14:20, 17:2, 25:7

**subsection** [2] - 14:15, 15:6
**subsequently** [1] - 19:19
**successfully** [2] - 10:10, 24:10
**sued** [7] - 14:3, 19:1, 19:19, 20:17, 20:19, 20:23, 24:13
**suggest** [1] - 25:25
**suggesting** [1] - 19:18
**suit** [16] - 4:23, 5:13, 7:2, 7:20, 8:7, 8:21, 9:22, 10:1, 15:12, 17:8, 18:15, 19:10, 20:24, 21:7, 22:9, 23:3
**SUITE** [1] - 1:20
**suits** [4] - 5:10, 6:1
**summary** [1] - 21:20
**supplemental** [3] - 8:14, 18:22, 21:24
**supported** [1] - 25:14
**supports** [1] - 8:10
**supposed** [1] - 19:15
**Supreme** [4] - 4:14, 5:11, 7:15, 9:2, 11:14, 11:15, 12:11, 17:14, 17:18, 23:19, 23:20

## T

**tables** [1] - 3:11
**termed** [1] - 22:23
**terms** [1] - 24:9
**test** [3] - 9:2, 11:22, 12:7
**THE** [63] - 1:12, 1:16, 1:23, 2:1, 3:7, 3:9, 3:22, 3:25, 4:22, 4:25, 5:3, 5:6, 5:9, 5:13, 5:16, 5:22, 6:17, 6:19, 7:10, 7:14, 8:18, 9:6, 9:8, 9:11, 10:25, 11:2, 11:4, 11:8, 12:13, 12:16, 12:18, 12:24, 13:5, 13:15, 13:20, 14:1, 14:18, 15:9, 16:4, 16:9, 16:12, 16:17, 16:25, 17:12, 17:17, 17:22, 18:5, 18:13, 18:19, 18:24, 19:2, 19:5, 19:7, 19:18, 20:2, 20:9, 20:15, 20:20, 21:1, 21:6, 22:17, 25:11, 25:21

**theory** [1] - 19:20
**thereafter** [1] - 25:16
**therefore** [7] - 9:12, 10:15, 12:7, 17:25, 18:4, 19:16, 24:5
**three** [1] - 5:14
**timely** [2] - 18:17, 21:10
**TO** [1] - 3:4
**today** [2] - 6:22, 25:13
**tolling** [1] - 9:15
**totally** [2] - 22:10, 25:23
**transactions** [1] - 23:23
**transcript** [1] - 26:17
**TRANSCRIPT** [2] - 1:11, 2:7
**traverse** [1] - 25:15
**Trevino** [1] - 4:13
**tried** [1] - 10:12
**true** [2] - 22:2, 26:17
**try** [1] - 7:1
**trying** [1] - 8:18
**turn** [1] - 22:24
**turns** [1] - 8:7
**two** [6] - 5:9, 5:10, 12:21, 13:13, 20:6, 20:19

## U

**U.S** [6] - 5:11, 7:15, 7:24, 11:14, 12:10
**U.S.C** [2] - 9:4, 18:12
**ultimately** [3] - 21:9, 21:18, 24:22
**unable** [1] - 21:12
**unanimous** [1] - 17:17
**under** [24] - 8:24, 9:3, 9:20, 10:11, 11:4, 11:19, 11:22, 11:24, 12:7, 12:9, 12:25, 13:3, 13:25, 15:6, 15:7, 15:9, 17:21, 18:1, 19:20, 21:22, 23:5, 23:6, 24:17, 25:4
**underlying** [5] - 4:22, 18:15, 22:14, 24:18, 24:21
**UNITED** [2] - 1:1, 1:12
**United** [9] - 11:5, 13:8, 14:12, 17:14, 23:16, 23:19, 23:20, 26:15, 26:25
**unpaid** [1] - 21:8
**untenable** [2] - 24:19, 24:22

**untimely** [1] - 8:17
**up** [6] - 5:17, 8:5, 10:24, 14:10, 15:19
**ups** [1] - 22:18
**urged** [1] - 7:6

## V

**validity** [3] - 15:14, 15:15, 23:2
**various** [1] - 8:16
**vendetta** [1] - 22:23
**versus** [5] - 3:8, 17:14, 23:19, 23:25, 24:9
**viable** [1] - 21:22
**view** [1] - 23:13
**violation** [1] - 11:6
**violations** [1] - 24:11
**vs** [1] - 13:24

## W

**waiting** [1] - 15:4
**wants** [1] - 7:9
**weaker** [4] - 19:3, 19:5, 19:7, 19:9
**web** [4] - 6:3, 6:22, 7:23, 22:22
**WEDNESDAY** [2] - 1:5, 3:2
**weeks** [2] - 20:6, 20:19
**weird** [1] - 12:1
**whatsoever** [1] - 7:6
**WHEREUPON** [1] - 26:4
**whole** [3] - 8:17, 14:18, 19:23
**Willingham** [1] - 11:15
**wins** [1] - 11:18
**writ** [2] - 7:15, 7:24
**writs** [1] - 5:11
**written** [1] - 6:3

## Y

**Yenari** [1] - 3:18
**YENARI** [2] - 1:17, 3:18