UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

D. DOUGLAS HOWARD, JR.                          CIVIL ACTION

VERSUS                                          NO: 09-3450

ST. GERMAIN ET AL                               SECTION: J(4)

**ORDER**

Before the Court is Plaintiff's **Motion for Attorney's Fees (Rec. Doc. 59)**, filed in accordance with the Court's ruling in open-court on June 24, 2009, which granted Plaintiff's motion to remand the above-captioned matter and awarded attorney's fees and costs under 28 U.S.C. § 1447(c) in connection with Defendants' wrongful removal of this case. Plaintiff avers that no costs were incurred in the filing of the motion to remand, and thus he seeks only a reasonable attorney's fee in the present motion. The Defendants' opposition attempts in large part to argue against the validity of the Court's determination that a fee award is warranted in the present circumstances. As the Court has already made its determination as to the propriety of an award under § 1447(c), the Court will not address Defendants' arguments that such an award is improper.

To the extent Defendants oppose the quantum of Plaintiff's requested award, the Court finds that Defendants' arguments are unavailing. Under the provisions of § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any

actual expenses, including attorney's fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). "[T]he imposition of both costs and attorneys' fees against the removing party may be awarded in the Court's discretion" upon a finding that removal is improper under § 1447(c). <u>Miranti v. Lee</u>, 3 F.3d 925, 928 (5th Cir. 1993).

The Fifth Circuit adheres to the "lodestar" method for calculating reasonable attorneys' fees in the context of an award under § 1447(c). <u>Halliburton Latin America SA v. Intern. Technical Solutions</u>, 273 F.3d 392, 392 (5th Cir. 2001).  This method requires the district court to "determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers" based on "contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours."  <u>La. Power & Light Co. v. Kellstrom</u>, 50 F.3d 319, 324 (5th Cir. 1995).  "A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work."  <u>Heidtman v. County of El Paso</u>, 171 F.3d 1038, 1043 (5th Cir. 1999).  The lodestar is presumed to be the reasonable fee, but it may be adjusted after considerations of the factors listed in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir.1974), overruled on other grounds, <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989).  <u>Gonzalez v.</u>

Associates Health & Welfare Plan, 2002 WL 31933208, 1 (5th Cir. 2002).

In this case, Plaintiff has requested a fee award in the amount of $7,088.00, which the Court finds to be appropriate in light of the hours reasonably expended and the hourly rate charged in procuring a remand of this matter. The Court notes that the $7,088.00 fee award is especially appropriate in light of the two-year history of vexatious litigation against Plaintiff by the Defendants in this matter, which has already nearly resulted in sanctions against Defendants on two prior occasions. See Civil Action No. 07-9040, Rec. Docs. 33 and 39. Additionally, the Court notes that Defendants' various grounds for removal - while ultimately baseless - were wide-ranging and complicated, and thus required significant effort by counsel for plaintiff.

Finally, to the extent that Defendant Andrews argues that an award of $7,088.00 against him *individually* would be financially ruinous, the Court notes that it is within the Court's discretion to impose any fee award against all the Defendants, jointly and severally, as parties to the improper removal. See, e.g., Park Nat. Bank of Houston v. Kaminetzky, 976 F. Supp. 571, 584 (S.D. Tex. 1996). Thus, Andrews' arguments related to his individual financial situation are irrelevant.

As such, the Court finds that Plaintiff's requested fee award of $7,088.00 is reasonable in the circumstances of this

case.  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Attorney's Fees (Rec. Doc. 59)** is hereby **GRANTED**.  Plaintiff is hereby awarded $7,088.00 under 28 U.S.C. § 1447(c) as a reasonable attorney's fee for the remand of this matter, to be paid by Defendants Lesley Simmons St. Germain, Hillary Rose Hillyer, Melissa Branighan Luminais, Mark Edward Andrews, Andrews Arts & Sciences Law, LLC, and David E. Simmons, jointly and severally.

New Orleans, Louisiana this 20th day of June, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE